UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Court No 1:23-cv-00436

NEWMAN

v.

HOWARD UNIVERSITY SCHOOL OF LAW. et al.

Leave to file GRANTED

TREVOR N. MCFADDEN
United States District Judge

3/27/23

## MOVANT SMITH'S
## MOTION TO INTERVENE, MOTION TO EFILE IN THIS COURT AND TO BE ADDED AS AN INTERESTED PARTY

**RECEIVED**
3/21/2023
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Movant Smith now moves to intervene in this matter.

As an initial matter, Right of intervention under Rule 24 is ordinarily accorded under liberalized circumstances. See Miller v. Amusement Enterprises, Inc., 426 F.2d 534, 1970 U.S. App. LEXIS 9246 (5th Cir. 1970). Additionally, as Movant is Pro Se, my pleading must be construed liberally as well. See Humphrey v. Sec'y, U.S. Dep't of Homeland Sec., 597 F. App'x 571, 573 (11th Cir. 2014).

**MOVANT HAS STANDING**

Movant has an independent basis for subject matter jurisdiction[1]. Movant is a citizen of Massachusetts,

---

[1] "Motions to intervene require independent basis for subject matter jurisdiction, so that intervenor must demonstrate either federal claim or diversity; if intervenor lacks either one, he may demonstrate supplemental jurisdiction pursuant to 28 USCS § 1367, but court cannot exercise supplemental jurisdiction over nondiverse party if he seeks to intervene as plaintiff under FRCP 24 in claim based solely on diversity" See Sunpoint Sec., Inc. v. Porta, 192 F.R.D. 716, 13 Fla. L. Weekly Fed. D 251, 2000 U.S. Dist. LEXIS 5259 (M.D. Fla. 2000).

1

Plaintiff and Defendant are citizens of states other than Massachusetts.

**MOVANT MEETS THE FOUR PART TEST**

"Four-part test for determining applications of right of intervention requires that applicant's motion be timely, that applicant assert interest relating to property or transaction which is subject of action, that applicant be so situated that without intervention disposition of action may as practical matter impair or impede ability to protect interest, and that applicant's interest be inadequately represented by other parties" See. Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 20 Env't Rep. Cas. (BNA) 1290, 13 Envtl. L. Rep. 20928, 37 Fed. R. Serv. 2d (Callaghan) 473, 1983 U.S. App. LEXIS 24708 (9th Cir. 1983), app. after remand, 790 F.2d 760, 24 Env't Rep. Cas. (BNA) 1921, 16 Envtl. L. Rep. 20814, 1986 U.S. App. LEXIS 25306 (9th Cir. 1986), limited, Donnelly v. Glickman, 159 F.3d 405, 98 Cal. Daily Op. Service 7924, 98 D.A.R. 11013, 74 Empl. Prac. Dec. (CCH) ¶ 45574, 78 Fair Empl. Prac. Cas. (BNA) 724, 41 Fed. R. Serv. 3d (Callaghan) 1547, 1998 U.S. App. LEXIS 26870 (9th Cir. 1998).

Movant's motion is timely as this matter has not reached final resolution and no answer has been filed. Additionally, as an indigent Pro Se litigant, I have an interest when a Court decides a motion to proceed in forma pauperis. See Doc 7. I currently have two cases against my alma mater, Roger Williams Law School. I filed my cases in The United States District Court For the District of Rhode Island. The case numbers are 21cv133 and 21cv190 respectively. I filed a motion to proceed in forma pauperis as well. I also have a discrimination claim and a breach of contract claim. My claim also involves the disciplinary process of a law school. I am an African American in a predominately white school. As is the custom, it is clear that Howard Law School will file a 12(b)(6) motion and cite Twiqbal. My cases turn on interpretation of those cases as well. The Plaintiff is not protecting my interests in this matter as he is not a law school graduate or an Attorney. A decision in this case will be authority in other circuits without intervention from those similarly situated. Lastly, as a similarly situated Plaintiff, this alone is sufficient for proper interest in the decisions of this case.

If this Court does not find that I have a right to intervene, I move for permission to intervene.

Additionally, if the law is not in my favor it should change because anyone with an issue with 12(b)(6) or any other issue should be able to intervene since other Courts will quote those cases and a Plaintiff would have had no ability to protect current or future interests.

For the above reasons, this Court should allow Movant's motion to intervene as a right or allow him to intervene. Alternatively, Movant asks this Court to add him as an interested party for the reasons set forth above.

Plaintiff also moves to be able to Efile in the United States District Court For The District of Columbia

Respectfully submitted,

Jimmy Smith

66 French Avenue

Brockton, Ma 02301

617-579-7449

jabroni3166@gmail.com

## CERTIFICATE OF SERVICE

I certify that, on the 21st day of March, 2023, I filed a copy of this Motion via the Court's electronic filing system.

3