## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL R. NEWMAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:23-cv-00436-TNM |
| v. ) | |
| ) | |
| HOWARD UNIVERSITY SCHOOL ) | |
| OF LAW, *et al*. ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS OPPOSITION TO MOTION TO INTERVENE**

# TABLE OF AUTHORITIES

**Cases**

*Grocery Mfrs. Ass'n v. EPA*,
    693 F.3d 169, 176 (D.C. Cir. 2012) ..................................................................................... 2

*Lovitky v. Trump*,
    308 F. Supp. 3d 250, 254 (D.D.C. 2018) ........................................................................ 2, 3

*\*Scotts Valley Band of Pomo Indians v. United States Dep't of Interior*,
    337 F.R.D. 19, 22-23 (D.D.C. 2020) ............................................................................ 1, 2, 3

*\*United States v. Facebook, Inc.*,
    456 F. Supp. 3d 105, 108 (D.D.C. 2020) ........................................................................ 1, 3

*United States v. Philip Morris USA Inc.*,
    566 F.3d 1095, 1146 (D.C. Cir. 2009) .................................................................................. 2

*Warth v. Seldin*,
    422 U.S. 490, 498 (1975) ...................................................................................................... 2

*Yocha Dehe v. United States Dep't of the Interior*,
    3 F.4th 427, 430 (D.C. Cir. 2021 .................................................................................... 1, 2

*Grocery Mfrs. Ass'n v. EPA*,
    693 F.3d 169, 176 (D.C. Cir. 2012) ..................................................................................... 2

**Other**

Fed. R. Civ. P. 24 .................................................................................................................. 1, 3, 4

Local Rule 7 ................................................................................................................................. 1

Defendants Howard University School of Law, Howard University, Danielle Holley, Wayne A.I. Frederick, Cynthia Evers, Debra Bright, and Lawan Lanier-Smith oppose Jimmy Smith's (Movant) motion to intervene in this action.[1] Movant has identified no relationship between himself and this case, or any of the parties, that might give him standing to intervene and justify intervention under either the mandatory or permissive standards. His request is based on his involvement in a suit against another law school in another district, which he characterizes as raising similar legal issues. That does not come close to meeting the relevant legal standards.

## ARGUMENT

The Court should deny Mr. Smith's intervention motion because he lacks standing, and also does not meet the Rule 24 intervention standards.

Under Federal Rule of Civil Procedure 24, a party may intervene as of right if, as relevant here, it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." *Scotts Valley Band of Pomo Indians v. United States Dep't of Interior*, 337 F.R.D. 19, 22-23 (D.D.C. 2020) (quoting Fed. R. Civ. P. 24(a)). To obtain permissive intervention, "[t]he nonparty must present the Court with: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *United States v. Facebook, Inc.*, 456 F. Supp. 3d 105, 108 (D.D.C. 2020) (quotation omitted). Furthermore, "the movant must demonstrate that it has standing under Article III of the U.S. Constitution." *Yocha Dehe v. United States Dep't of the Interior*, 3 F.4th 427, 430 (D.C. Cir. 2021). "Standing is an element of the Court's subject-matter

---

[1] Movant did not consult with Defendants before filing his motion; he did not serve Defendants; and he did not attach a Proposed Order, all of which are required under Local Rule 7.

jurisdiction." *Lovitky v. Trump*, 308 F. Supp. 3d 250, 254 (D.D.C. 2018) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Thus, for intervention under either standard, Movant must demonstrate that he has standing; *i.e.*, a "personal stake in the outcome often controversy." *Id.*

I.     **Movant lacks standing to intervene.**

To establish standing, Movant must demonstrate "(1) injury in fact, (2) causation, and (3) redressability." *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1146 (D.C. Cir. 2009). Movant cannot satisfy any of the required elements.

*First*, Movant cannot establish any injury in fact relating to this action. To allege injury in fact, Movant "must demonstrate that it suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Pomo Indians*, 337 F.R.D. at 23 (quotation omitted). Movant has suffered no such injury. The only interest Movant claims is that he has "two cases against [his] alma mater, Roger Williams Law School," alleging discrimination and breach of contract. Mot. at 2. But outside of this superficial similarity between his claims and the Plaintiff's claims in this case, there is nothing connecting Movant to the facts of this case, which involve a different Law School and entirely different parties. Movant's only expressed interest is that a "decision in this case will be authority in other circuits." Mot. at 2. The risk of adverse precedent—from another circuit no less—is not an injury at all, much less a particularized, concrete, and imminent one.

*Second*, Movant cannot establish causation. Causation "examines whether it is substantially probable that the challenged acts of the defendant, not of some absent third party, will cause the particularized injury[.]" *Pomo Indians*, 337 F.R.D. at 25 (quoting *Grocery Mfrs. Ass'n v. EPA*, 693 F.3d 169, 176 (D.C. Cir. 2012)). Movant has not shown that any actions of any Defendant in this case caused him injury. Movant identified no connection between himself and

Howard University, Howard University School of Law, or any of the individual Defendants—let alone that the actions of any of the Defendants caused or will cause him injury.

*Third*, no relief granted in this case could possibly redress Movant's injuries, which were allegedly caused by a non-party to this case: Roger Williams Law School.

Movant lacks standing to intervene; his motion, accordingly, should be denied.

### II.     Movant has not met the Rule 24 standards for intervention.

Movant also fails to meet the Rule 24 standards for intervention, mandatory or permissive.

Movant fails to meet the mandatory intervention standard because he lacks an "interest relating to the property or transaction that is the subject of the action." *Pomo Indians*, 337 F.R.D. at 22-23. Movant has identified no connection between himself and any of the parties to this suit. The only interest he identifies is a general one in the precedent that might be set by this case, based on his litigation of a suit in Rhode Island that he characterizes as similar. That can hardly be sufficient. And even if it were, Movant has not shown that he is "so situated that disposing of the action may as a practical matter impair or impede [his] ability to protect its interest." *Id*. Any ruling here will not bind the Rhode Island court or impede Movant's ability to litigate his case there. The "'practical consequences' of denying intervention in this case" (*id.*) are none, and Movant thus fails to meet mandatory intervention standard.

Movant also has not met the standard for permissive intervention because he lacks "an independent ground for subject matter jurisdiction" and "a claim or defense that has a question of law or fact in common with the main action.'" *Facebook*, 456 F. Supp. 3d at 108. As discussed above, Movant lacks standing, which is an essential element of subject-matter jurisdiction. *Lovitky*, 308 F. Supp. 3d at 254. Movant also lacks a claim or defense. Indeed, that is evident from the fact that Movant failed to file "a pleading that sets out the claim or defense for which intervention is

sought" alongside his motion, as required by Rule 24(c).[2] Rather, he points to his discrimination and contract claims in a different suit in another jurisdiction, which he suggests are similar because they also address "the disciplinary process of a law school." Mot. 2. But Movant. identifies no case law suggesting that claims in one district can form the basis for intervention in an unrelated case in another district simply because the legal issues are similar, and Defendants are aware of none.

In short, intervention cannot be granted under so slim a thread as Movant's abstract interest in the outcome of this case based on his involvement in a case in another district against a different law school. If that were true, the courts would be flooded with intervenors with no connection to the parties and claims, seeking to mold the law to support their arguments elsewhere.[3] But that is not the law; an intervenor must show standing and meet the Rule 24 requirements. Movant has failed on all fronts, and this Court should therefore deny his motion to intervene with prejudice.

## CONCLUSION

The Court should deny the motion to intervene with prejudice.

DATED: April 5, 2023

Respectfully submitted,

/s/ Amanda Shafer Berman
Laurel Pyke Malson (#317776)
Amanda Shafer Berman (#497860)
Kyle Lyons-Burke
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: (202) 688-3451
Fax: (202) 628-5116
aberman@crowell.com

---

[2] The Court could deny the motion on this basis alone.

[3] Movant admits that this is how he thinks the law should apply, stating: "[I]f the law is not in my favor it should change because anyone with an issue with 12(b)(6) or any other issue should be able to intervene since other Courts will quote those cases and a Plaintiff would have had no ability to protect current or future interests." Mot. at 2-3.

4