UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL R. NEWMAN,**<br><br>Plaintiff,<br><br>v.<br><br>**HOWARD UNIVERSITY SCHOOL OF LAW,** *et al.*,<br><br>Defendants. | Case No. 1:23-cv-00436 (TNM) |

### ORDER

Proceeding pro se, plaintiff Michael Newman sues the Howard University School of Law and various of its administrators. He alleges widespread mistreatment by school officials while a student at Howard, and brings claims of racial discrimination, retaliation, and breach of contract. *See generally* Compl., ECF No. 1-2.

Non-party Jimmy Smith now moves to intervene. Mot. to Intervene, ECF No. 10. Smith, also pro se, explains that he has two suits pending against his alma mater, Roger Williams University Law School (RWULS), that also allege discrimination and breach of contract. *See id.* at 2. Smith seeks to intervene because his cases "turn on the interpretation" of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and "it is clear that [Howard] will file a 12(b)(6) motion and cite [those cases]." *Id.*

Smith seeks to intervene as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure or alternatively with the Court's permission under Rule 24(b)(1). The Court will deny the motion. "A Rule 24 intervenor must have standing." *Liu v. Mayorkas*, No. 21-cv-1725, 2022 WL 203432, at *1 n.2 (D.D.C. Jan. 24, 2022). To establish standing, Smith must show that he has suffered (1) an injury in fact, (2) that is fairly traceable to the challenged conduct, and (3)

"likely" to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (cleaned up).

Smith lacks standing. Start with his injuries. His first lawsuit alleges that RWULS treated him differently because of his race, which caused him to lose educational opportunities. *See* Compl., *Smith v. Roger Williams University Law School*, No. 21-cv-133 (D.R.I. March 19, 2021). And his second lawsuit alleges that RWULS retaliated against him for filing his initial lawsuit, which also hurt his performance at school. *See* Compl., *Smith v. Roger Williams University Law School*, No. 21-cv-190 (D.R.I. April 30, 2021). So Smith has alleged concrete injuries. The problem for Smith, however, is that his injuries were not caused by any of the Defendants here. He has alleged no connection between the parties in this case and his injuries. And he has given the Court no reason to believe that the Defendants in this action had anything to do with his mistreatment.

Smith's injuries are "the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560. He thus lacks standing to intervene.[1] For these reasons, it is hereby

**ORDERED** that Movant Smith's [10] Motion to Intervene is **DENIED.**

**SO ORDERED**.

Dated: April 7, 2023

TREVOR N. McFADDEN, U.S.D.J.

---

[1] The Court will also deny his request to file electronically in the District of Columbia.