# Exhibit 7



**HOWARD UNIVERSITY**

Office of the Vice President of Student Affairs

September 18, 2022

Sent Via E-Mail to michael.newman@law.bison.howard.edu
Michael Ray Newman
@02980553

      Re: Appeal Notification

Mr. Newman:

      Pursuant to Section IV.3.F of the Student Code of Conduct, I was notified by the Administrative Appeals Officer in the appeal of your student conduct matter (Dr. Debra Bright) that your appeal has been **DENIED**.[1]

      More specifically, as stated in the Student Code of Conduct, the Administrative Appeals Officer determined that your appeal could not reasonably be expected to meet at least one of the four stated criteria necessary for an appeal to be granted. Indeed, your appeal dated August 23, 2022 did not identify any of the criteria necessary for an appeal to be granted.

      Nonetheless, reading your appeal in the most favorable light, the Administrative Appeals Officer determined that there was no "secret evidence" as you had an opportunity to review all evidence relied upon by the underlying hearing panel and that there was no procedural error in this regard. Similarly, you had notice of all charges against you; and there is no requirement in the Student Code of Conduct that a specific or individual "victim" must be identified in a complaint as you have alleged. Finally, the Administrative Appeals Officer noted that you were found responsible for acts of harassment and disruptive conduct, separate and apart from any purported use of the University's listservs.

---

[1] Understanding that you have alleged that your student conduct process has generally been "perfunctory", in this letter the University gratuitously provides additional detail to explain the basis for the denial of your appeal. However, the University vociferously denies that your student conduct process has been "perfunctory", "totalitarian", "preposterous" or any other descriptor suggesting that you have not received appropriate, fair or sufficient process. You have had two disciplinary hearings, an appeal granted after an appeal hearing, your sanctions stayed while the first appeal was pending, and generally had all of your arguments and evidence dutifully considered. And now, the University gratuitously provides additional detail to you regarding your appeal in an effort to provide you with the clarity you seek. All of these facts facially demonstrate that your student conduct process has been fair and impartial, and that you have received all of the relevant rights and benefits provided in the Code.

2400 Sixth Street, NW
Washington, DC 20059

(202) 806 2100
Fax (202) 806 6357
www.howard.edu

CONFIDENTIAL
Page 2 of 2

The Administrative Appeals Officer also determined that there was no new evidence presented in your appeal. This was because the new evidence you asserted – specifically, your contention that a letter you wrote was purportedly sanctioned by an Associate Dean in the School of Law in October of 2020 – was available to you at the time of your July 2022 conduct hearing, but you failed to present the same. Furthermore, this letter did not "materially affect the decision or finding of the Hearing Panel" as your sanction was based on a pattern of activity and conduct through early 2022.

The Administrative Appeals Officer also determined that your sanction was not disproportionate. She determined that you had not provided any evidence that your sanction was manifestly unjust as required in the Student Code of Conduct and also that you had not shown contrition throughout your student conduct process. Similarly, any allegation about the consequences or impact of your sanction is not valid grounds to grant an appeal.

For the reasons not limited to the above, your appeal is **DENIED**. The findings that you engaged in acts of disruptive conduct and harassment remains in place; and the sanction of expulsion is maintained.

Best regards,

*Cynthia Evers*

Dr. Cynthia Evers
Vice President of Student Affairs
Howard University

Cc: Mrs. Lawan D. Lanier-Smith, MSW
Director
Office of Student Conduct & Community Standards

Danielle Holley-Walker
Dean
School of Law