IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL R. NEWMAN, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>HOWARD UNIVERSITY SCHOOL )<br>OF LAW, *et al*. )<br>Defendants. )<br>) | Civil Action No. 1:23-cv-00436-TNM |

**DEFENDANTS' RESPONSE TO MOTION TO SEAL**

Defendants Howard University School of Law, Howard University, Danielle Holley, Wayne A.I. Frederick, Cynthia Evers, Debra Bright, and Lawan Lanier-Smith hereby respond in partial opposition to Plaintiff's letter motion to seal ("Mot.") (Dkt. 17, filed under seal on May 8, 2023), in which Plaintiff first requests that his new address be kept confidential, but also appears to seek a broader order requiring that *all* filings in this case be sealed.[1]

Defendants have no objection to keeping Plaintiff's new address confidential and excluded from public filings. But to the extent Plaintiff asks the Court to order that "*any* public filings be filed under seal," Mot. at 1, Defendants oppose this request. Plaintiff has not met the standard for obtaining such an order under Federal Rule of Civil Procedure 5.2(d), and has provided no reason why the extraordinary step of sealing all filings might be appropriate in this case.

In determining whether to grant a motion to file under seal, courts consider:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests

---

[1] Because this filing was under seal, counsel could not review it directly. The clerk's office confirmed it is a motion to seal, which counsel presumes to be the same as a letter motion received from Plaintiff via email, dated April 18 (but not entered on the docket until May 9).

asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017).

Plaintiff has not and cannot show that this test is met for all filings in this case. Defendants do not oppose keeping Plaintiff's address confidential—but that is the only information for which Plaintiff has articulated a need for protection. All other filings should be publicly available unless a party submits a filing-specific request to seal, showing a particular need to protect particular information, consistent with *Metlife* and the general public interest in access to court documents.

DATED: May 16, 2023

Respectfully submitted,

/s/ Amanda Shafer Berman
Laurel Pyke Malson (#317776)
Amanda Shafer Berman (#497860)
Kyle Lyons-Burke
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: (202) 688-3451
Fax: (202) 628-5116
aberman@crowell.com

DCACTIVE-72161510.1