## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL R. NEWMAN, )
)
                Plaintiff, )
)
v. )      CASE NO. 1:23-cv-00436-TNM
)
HOWARD UNIVERSITY SCHOOL )
OF LAW, *et al.* )
)
             Defendants. )
)

## MOTION FOR SANCTIONS
## PURSUANT TO RULE 11 OF FEDERAL RULES OF CIVIL PROCEDURE

I, Plaintiff Michael R. Newman, pursuant to Rule 11 of the Federal Rules of Civil

Procedure (FRCP), respectfully move this Court for the imposition of sanctions against

AMANDA SHAFER BERMAN, LAUREL PYKE MALSON, KYLE LYONS-BURKE, and

CROWELL & MORING, LLP, based on the following grounds:

On March 15, I emailed Defendants' Counsel, Amanda Shafer Berman of Crowell &

Moring, LLP, notifying her of my belief that her first Motion to Extend Time violated Rule 11 of

the FRCP. Specifically, I pointed out that her assertion of "improper service" bore no relevance

to her need to extend a deadline. Additionally, I cautioned her that if she were to base a second

motion to extend time on the same questionable grounds, I would be prepared to seek sanctions

against her and her firm. I emphasized that any future motion should be grounded in a legitimate

rationale rather than a pretext.

RECEIVED

JUL 1 2 2023

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Shortly thereafter, Counselor Berman filed her second Motion to Extend Time, once again relying primarily on the ground that my service of process was improper. She claimed that addressing this alleged deficiency had caused undue time and effort on her or her clients' part. She also asserted that I had "declined" Defendants' multiple offers to waive service under Rule 4(d). These claims were unfounded.

The Exhibit attached to this Motion contains all relevant communications exchanged between Ms. Berman and myself from February 16 through March 15. A thorough review leaves no room for doubt regarding Ms. Berman's true intention, which was to pressure me in any way she could to agree to a waiver of service. Her motive, whether to gain more time for preparing pleadings or simply to delay progress of the case, remains a matter of speculation. Nonetheless, it is evident that her intent was never to "address … deficiencies" related to service. Mot. Extend Time at 2, No. 3, Mar. 15, 2023.

It is worth noting, moreover, that the burden of addressing any deficiencies in service typically falls upon a plaintiff, not a defendant, therefore, I am perplexed as to how such efforts on my part could have imposed any significant time costs upon Defendants or their Counsel or why they would even undertake such a task. It is not customary for defendants to proactively address potential grounds for a 12(b)(5) motion, let alone engage in such actions only to subsequently file a 12(b)(6) motion, as Defendants have done in this case.

Additionally, if the primary purpose of service is to provide notice to a defendant, I would like to point out that I emailed my Original Complaint to Defendants one day after filing, on January 17, which is two weeks earlier than Ms. Berman claimed. Mot. Extend Time at 2, No. 2, Feb. 22, 2023. There is no doubt they received that email, because on January 18 Defendants changed the password to my University email account, rendering all of my

University emails, whether sent or received, inaccessible—their purpose clearly to hinder my access to relevant evidence. *See* Ex. 3 ¶¶ 367-84. In any event, my initial email was not intended to substitute for valid service, which I accomplished through certified mail, and which most of the Defendants received January 27, not January 31. *See* Ex. 4.

That Counselor Berman's claims of improper service were baseless is evident from Exhibit 1, the "Affidavit of Service by Certified Mail" form supplied by the D.C. Superior Court, which displays the text, "I, (Print Your Name), am the," *option*, "Plaintiff," followed by the options "summons" and "complaint." And when I inquired of staff at the Superior Court clerk's office, none were familiar with any rule preventing a plaintiff from serving defendants directly via certified mail. While the purpose of this Motion is not to argue that service was proper, it is necessary to highlight that Ms. Berman, an experienced attorney at a prominent D.C. law firm, argued to this Court that service made on an action filed in the D.C. Superior Court was invalid due to certain *federal* rules and cases, the latter of which she knew to be inapplicable to the former. Nevertheless, I saw no advantage in arguing the validity of my first service when I had ample time simply to re-serve the Defendants in whatever manner they deemed appropriate.

The exhibit attached herewith sheds light on the Counselor's motivations. Even while portraying to the Court an unwavering dedication to time-consuming measures aimed at preventing dismissal of the present action for insufficient service, our communications reveal she simultaneously obstructed and complicated attempts to serve her clients to their satisfaction.

In the course of our communications, Ms. Berman used the word "waive" or "waiver" at least 35 times but whenever asked why she preferred a waiver to actual service evaded the question and denied that a "primary driver" was to gain more time. Ex. 3 ¶¶ 309-10. She claimed Rule 4 prevented her from accepting service on behalf of her clients and that she was powerless

to circumvent it. *Id.* ¶ 189-91. (Her security guard turned away my process server. *See* Ex. 2.) She emphasized that unless I agreed to "just do the waiver" then "you have to figure out how to properly serve every Defendant." Ex. 3 ¶¶ 157, 159-60. *See also Id.* ¶¶ 100-01. She claimed not to know where her clients' offices were or when, if ever, they could be reached there. *Id.* ¶¶ 223-28. She indicated she did not want service *mailed* to her clients' homes, *Id.* ¶¶ 263-73, did not want her clients served *personally* at their homes, *Id.* ¶¶ 276-77, 302-03, 315-16, and did not want them served personally at their *offices, Id.*, all of which she deemed a "hassle" and "intrusion," *Id.* ¶¶ 306-07, 315-16, and after rejecting these suggestions stated, "Mr. Newman, you serve how you see fit, and if you want to do it through the process server, that's fine, and then we'll act accordingly. I'm not going to give you some advanced assurance that we're fine with whatever method." *Id.* ¶¶ 333-35.

After concluding that second conversation, Ms. Berman emailed and, appearing at last to accommodate me, permitted me to serve all Defendants to the general counsel's office "on the 4th Floor of 2400 6th Street" (which idea she had previously rejected). But then a friend who attempted to serve process at that location discovered the entire fourth floor to be under construction and inaccessible. And while Ms. Berman finally provided for the possibility of emailing general counsel, she nonetheless maintained that only a third party could do so. However, when I filed my affidavits of service to the District Court clerk I was told that emailing summons and complaint directly to defendants had become both acceptable and commonplace in the District since the start of the pandemic, a fact Ms. Berman undoubtedly knew all along.

I am a *pro se* plaintiff pursuing a lawsuit against an entire law school and a nationally renowned university represented by a team of seasoned lawyers. While, according to the Court clerk, practicing attorneys throughout the city routinely email pleadings to one another, nothing

in any published rules of procedure I have seen reflects that reality. Seeking to exploit my lack of knowledge, Ms. Berman claimed federal rules made it nearly impossible for her clients to accept service in any manner I could suggest and that the only practical remedy was to sign a waiver. And Counsel attempted to deceive not only me but also the Court, claiming in her Motion, "Defendants thus spent multiple weeks attempting to resolve the service issues to avoid the need to move to dismiss based on improper service, which would have been a waste of time and expense for all," Mot. Extend Time at 2, No. 3, Mar. 15, 2023, whereas her attempts to thwart rather than facilitate service are manifest throughout Exhibit 3. *See* lines 82-101, 189-91, 223-28, 233-40, 291-92, 315-16, 334-35, and elsewhere. (For ease and convenience I have emphasized in bold texts seeming most illustrative.) The ability of a *pro se* plaintiff to successfully bring valid causes of action against highly-lawyered and well-funded defendants should be deemed essential to the preservation of justice in a free society. Misrepresentations in filings and artful misuses of procedure can easily obstruct that ability. The Court should send Counsel and her clients a clear signal that misrepresentations of the types described here are unacceptable.

Because Ms. Berman's communications to me and the Court have been fraught with implausibility and subterfuge, and in light of my inexperience in the legal field, I cannot foresee agreeing to any motion she puts forth without reassurance that her requests are made for good reason and in good faith. And because Counselor Berman's misrepresentations to this Court constitute violations of Rule 11 of the FRCP, I request the Court sanction Counselor Berman and her firm as appropriate.

Co-counsel Laurel Pyke Malson and Kyle Lyons-Burke are included here because they have joined Ms. Berman in her certifications to the Court, but I have had no interactions with either Ms. Malson or Mr. Lyons-Burke.

Signed

Michael R. Newman, Plaintiff
Address Redacted
Phone: (808) 796-4708
Email: thayray@gmail.com

cc:

Amanda Shafer Berman, Esq.,
Laurel Pyke Malson, Esq.,
Kyle Lyons-Burke, Esq., and
Crowell & Moring, LLP
1001 Pennsylvania Avenue, NW
Washington, D.C. 20004
Email: ABerman@crowell.com
        LMalson@crowell.com
        klyons-burke@crowell.com