## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL NEWMAN**, | |
| Plaintiff, | |
| v. | Case No. 1:23-cv-0436 (TNM) |
| **HOWARD UNIVERSITY SCHOOL OF LAW**, *et al.*, | |
| Defendants. | |

## ORDER

Newman moves to sanction counsel for Defendants under Federal Rule of Civil Procedure 11.  Mot. for Sanctions, ECF No 31.  He does so because he believes two motions filed by Defendants were out of line.  Specifically, Defendants moved twice to extend the time for them to file a responsive pleading.  ECF Nos. 6 & 9.  But Newman argues that these motions are "improper" and that the claims within them are "unfounded."  Mot. for Sanctions at 1, 2.

As the Court understands it, Newman argues that counsel for Defendants violated Federal Rule of Civil Procedure 11(b)(1) and (b)(3).  That is, he argues that the motions were presented for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of the litigation," Fed. R. Civ. P. 11(b)(1), and that the claims within the motions do not "have evidentiary support" and are not "likely" to "have evidentiary support after a reasonable opportunity for further investigation," Fed. R. Civ. P. 11(b)(3).  The Court disagrees.

First, the motions were not filed for an improper purpose.  Newman argues that the motions were filed to "cause unnecessary delay."  Fed. R. Civ. P. 11(b)(1).  Indeed, he says outright that they were filed to "gain more time for preparing pleadings or simply to delay progress of the case."  Mot. for Sanctions at 2.  Of course, the purpose of *every* motion for an

extension of time is to "gain more time for preparing" a filing.  So this cannot be enough, standing alone, to justify sanctions.  And no evidence suggests that the requested extensions were excessive, or that they would cause unnecessary delay.  The short duration of each (only 30 days) suggests precisely the opposite.  *See* ECF Nos. 6 & 9.  So the Court denies the motion for sanctions to the extent it argues counsel violated Rule 11(b)(1).

Second, the factual claims in the motions were not "unfounded."  Newman argues that counsel's statement that he declined several offers to waive service was false.  Mot. for Sanctions at 2.  The Court again disagrees.  In a series of phone calls and emails, counsel for Defendants offered to waive service of process under Rule 4(d).  *See* Rec. of Counsel Comms. at 1, 2, 3, ECF No. 31-1 pp. 7–31.  Newman never responded.  *Id*.  Then, in a phone call with Newman, counsel made the offer again.  *E.g.*, *id*. at 4.  This time, when counsel asked, "[Y]ou don't want to use the waiver approach?  You want to serve through the regular means?," *id*. at 14, Newman responded, "I don't know that I have a strong preference.  I'd like to move more quickly," and proceeded to insist on traditional service of process.  *Id*.  Throughout the call, Newman refused to answer counsel's offers to waive service of process.  *E.g.*, *id*. at 14–16. Although Newman never verbally denied the request, counsel's characterization of his actions was within the realm of reasonable interpretations and was therefore not a sanctionable misrepresentation to the Court.

The Court reminds the parties of their obligation to help facilitate "the just, speedy, and inexpensive determination" of this action.  Fed. R. Civ. P. 1.  Aggressive motions practice— including filing motions for sanctions based on trivial objections—does not further that goal. The Court expects that, moving forward, the parties will exercise judicious restraint in their filing of non-merits motions in this case.

Accordingly, the Court **ORDERS** that the Motion for Sanctions is **DENIED**.

**SO ORDERED**.

Dated: January 19, 2024

_____

TREVOR N. McFADDEN, U.S.D.J.