UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL NEWMAN**,<br><br>Plaintiff,<br><br>v.<br><br>**HOWARD UNIVERSITY SCHOOL OF LAW**, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-0436 (TNM) |

### ORDER

This case concerns Michael Newman's lawsuit against Howard University over his expulsion from its law school.  Earlier this year, the Court granted Defendants' Motion to Dismiss in part.  Mem. Order on Mot. to Dismiss (Order), ECF No. 37.  Now, each party has filed a motion responding to that Order.  Defendants seek clarification about the Order's scope.  Mot. to Clarify, ECF No. 39.  And Newman asks the Court to reconsider its Order.  Mot. for Reconsideration, ECF No. 41.  For the reasons below, the Court largely denies these motions.

### I.

To start, Defendants ask the Court to clarify as to which Defendants two claims survive.  In its summary at the end of the Order, the Court stated that "Newman's § 1981 and breach of implied covenant of good faith and fair dealing claims against Howard and its employees survive in full." Order at 34.  Defendants are correct that the breach of implied covenant of good faith and fair dealing claim survives only with respect to the university and law school.  In Newman's Complaint, he directed that claim only at Howard and not at any of its employees.  Compl. at 40, ECF No. 1-2 pp. 5–54.  And the Court could not expand that claim through its Order.  So the breach of implied covenant of good faith and fair dealing claim survives only with respect to

those Defendants it was originally directed at: the university and law school.

But the § 1981 claim is different. Newman's § 1981 claim took aim at "all defendants." Compl. at 32. And the Court did nothing to narrow the scope of that claim in its Order. *See* Order at 26–27. To be sure, the Court provided examples of allegations that were sufficient to survive the Motion to Dismiss for this claim. *Id*. But those examples were illustrative, not exhaustive. Nothing in the Court's Order differentiated between Defendants for this claim, nor did the Court specify that the claim survived only with respect to specific Defendants.

So the Court will clarify its Order as follows: Newman's implied covenant claim and his § 1981 claim both survive as to all Defendants they were initially directed at. That means the implied covenant claim continues to apply only to the university and law school. And the § 1981 claim applies to all the named Defendants.

## II.

Next, Newman moves for reconsideration of the Court's Order regarding his contract claims. "There is no motion for reconsideration in the Federal Rules of Civil Procedure." *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000) (cleaned up). Instead, motions for reconsideration are construed as either motions to alter or amend a judgment under Rule 59(e) or motions for relief from judgment under Rule 60(b), depending on when they are filed. *Id*. When, as here, the motion is filed within 28 days of the order the movant wants reconsidered, the motion proceeds under Rule 59(e).

"Under Rule 59(e), the court may grant a motion to amend or alter a judgment under three circumstances only: (1) if there is an intervening change of controlling law; (2) if new evidence becomes available; or (3) if the judgment should be amended in order to correct a clear error or prevent manifest injustice." *Leidos, Inc. v. Hellenic Rep.*, 881 F.3d 213, 217 (D.C. Cir.

2018). Newman relies on the last circumstance—he claims that the Court's prior Order "contained manifest errors of law" because it concluded "that no contract existed between Plaintiff and Defendants." Mot. for Reconsideration at 3. The Court disagrees.

Newman is wrong about what the Order says. Nowhere in the Order did the Court hold that there was no contract between the parties. There is no dispute—either among the parties or from the Court—that the "basic legal relation between a student and a . . . university or college is contractual in nature." *Ross v. Creighton Univ.*, 957 F.2d 410, 416 (7th Cir. 1992). But that is beside the point. The question for purposes of Newman's claims was not whether he had *a* contract with Howard. The question was whether Howard's Code of Conduct, Code of Ethics, and Non-Discrimination Policy, were a part of that contract. As Newman himself concedes, whether a given document is a part of the general contract between university and student "depend[s] upon general principles of contract construction." *Basch v. George Washington Univ.*, 370 A.2d 1364, 1366 (D.C. 1977).

Applying those "general principles of contract construction," *Basch*, 370 A.2d at 1366, the Court concluded that the Code of Conduct, Code of Ethics, and Non-Discrimination Policy were not a part of the parties' contract. Order at 11–14. Indeed, its conclusion that none of the policies created enforceable rights was based on the "general principle[] of contract construction" that a binding contract requires an "intent of the parties to be bound." *Kramer Assocs., Inc. v. Ikam, Ltd.*, 888 A.2d 247, 251 (D.C. 2005). The Court expressly held that the policies "show[ed] no evidence of an intent by the parties to be bound." Order at 11. That was because of their precatory language, their lack of consideration, and their restatement of existing rights. *Id*. at 11–14. So under *Basch*, Newman's contract claims failed.

Although Newman disagrees with that conclusion, he identifies no "clear error" in it. He

3

simply misread the Order as holding that there was no contract between the parties *at all*. To be sure, he disagrees with the Court's conclusion that these three policies were not a part of Newman's contract with Howard. But that is an issue to raise on appeal, not in a motion for reconsideration.

Motions for reconsideration are "a limited exception to the rule that judgments are to remain final." *Leidos*, 881 F.3d at 217. Ordinarily, when a party is dissatisfied with a Court's decision, the proper response is to appeal it at the appropriate time. *Cf. Liteky v. United States*, 510 U.S. 540, 555 (1994). And a motion for reconsideration is certainly not an opportunity for a party, late in the day, to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping v. Baker*, 554 U.S. 471, 486 n.5 (2008). Nor is it a "vehicle to present a new legal theory that was available prior to judgment" and that the party wishes he made sooner. *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012).

That describes Newman's motion to a T. Newman—now represented by counsel—wishes to present his legal theory more precisely than he did while proceeding pro se. But the time to litigate Defendants' Motion to Dismiss has come and gone. And Newman's argument that his current theory was not previously available to him is wholly unavailing.

Newman asserts that the theories in his motion for reconsideration were previously unavailable because the Court dismissed his contract claims on grounds not raised by Defendants. Mot. for Reconsideration at 6. Hence, he lacked warning of the basis for dismissal and was deprived of an opportunity to respond to it. *Id*. That is wrong in multiple respects. First, as the Plaintiff, Newman bore the burden to plead each element of his claim for breach of contract. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And the most essential element of a

4

breach of contract claim is the existence of a contract.

But, even setting that aside, it is flat wrong to suggest that the Court relied on grounds not raised by Defendants.  Defendants' Motion to Dismiss contains a section titled "Howard's Code of Conduct and Policy do not set forth contractual obligations owed by the University or School of Law to Plaintiff."  Mot. to Dismiss, ECF No. 13 at 37.  That section then lays out the reasoning the Court adopted—it recognizes the general contractual nature of the student-university relationship but argues that the specific documents Newman points to were not a part of that contract.  *Id*. at 37–38.  So Newman's claim that that he was unfairly surprised by arguments he had no opportunity to respond to is incorrect.

Newman may wish he had articulated his claims more artfully when he brought this case.  But that is the risk of proceeding pro se.  And while courts must liberally construe a pro se complaint, they cannot supply allegations the plaintiff omitted to rescue his case.  "In our adversarial system of adjudication," "we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."  *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020).  The parties, not the Court, are "responsible for advancing the facts and argument entitling them to relief."  *Id*. (emphasis added).  Newman identifies no clear error warranting reconsideration.  So his motion must be denied.

**III.**

Accordingly, the Court **ORDERS** that the Motion to Clarify is **GRANTED IN PART**. The implied covenant claim and the § 1981 claim each remain live with respect to the Defendants to whom they were initially directed.  The Motion for Reconsideration is **DENIED**.

**SO ORDERED**.


Dated: March 25, 2024                                                       TREVOR N. McFADDEN, U.S.D.J.