UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL R. NEWMAN,** <br><br> Plaintiff, <br><br> v. <br><br> **HOWARD UNIVERSITY SCHOOL OF LAW**, *et al.*, <br><br> Defendants. | Case No.: 1:23-cv-00436-TNM |

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

I, Michael R. Newman, Plaintiff in the above case, respectfully request leave of Court to amend my Original Complaint of January 16, 2023, for the reasons laid out below:

1. Since filing my Original Complaint on January 16, 2023, I have never yet amended that Complaint. Much additional factual detail has since become available, some but not all of which was included in my May 25, 2023, Opposition. The additional details provide clearer texture and background to the events than my Original Complaint provided.

2. New evidence provided includes the fact that a black classmate used School listservs in substantially similar manner as Newman six times between October 2020 and January 2021 and was never punished. The Court suggested that such information may be dispositive in my favor.

3. Howard Law faculty's role in stoking anti-Caucasian sentiment at the precise moment I delivered my four-part letter was never elucidated in my Original Complaint. The Amended Complaint sheds light on the extent of Defendants' role in stoking anti-Caucasian sentiment at the School.

RECEIVED
APR 10 2024
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

4.      I included quotations from a conversation between me and McGahee referenced in my May 25, 2023, Opposition. In that conversation, I allege, McGahee expressly authorized me to use the School listserv to send my letter to classmates. Therefore, I could have violated the School listserv policy at most twice, not three times. I also emphasize the reasons why I was justified to believe the other two uses were approved, given that no written listserv policy was ever provided to students, and McGahee had encouraged me to use the listserv and had said nothing to suggest use of a listserv could be problematic, and Holley's response to black students using the listserv suggested she approved of their use of it.

5.      My January 2021 conversation with a Howard Law professor referred to in my Opposition is also referenced in the Amended Complaint.

6.      An additional conversation between Dean McGahee and me dated July 18, 2022, provides a deeper view into Defendants' duplicity regarding their role shaping events that transpired between me and classmates.

7.      McGahee has been joined as a Defendant in my Amended Complaint.

8.      Additional defamation claims were added against Holley. Those on which limitations had expired were removed, as were opinion statements. One dismissed claim was retained on the basis that Holley's claim extended to an accusation against the School itself, which may have been prejudicial in a way that the Court may find should survive dismissal. I also included a quote from my email warning of potential risks of the vaccine the fact that the authors of the study linking PE with the vaccine had emphasized that the benefits outweighed the risks—to counter Defendants' assertion I had "engaged in a personal campaign against the vaccine." MTD, at 1. Her claim that I had committed "harassment" seemed to satisfy the same criteria that the Court found her claim of "defamatory" emails did.

9.  I have attempted to further emphasize the extent to which Holley's claims that I continuously sent emails over the listserv in defiance of her express instructions to cease, which were demonstrably false, swayed the disciplinary committee to find against me. McGahee's admissions in our July 18, 2022, conversation indicate he thought that that was the most damning testimony presented.

10. For the first time I allege that Holley's Town Hall was calculated to cause enough mental anguish to force me out of school. However, I did not continue to pursue IIED as the Court deemed the facts in the present action less egregious than in another case that was dismissed.

11. I removed the Prevention Doctrine as a standalone claim.

12. For the first time I note that Holley's January 25, 2022, claim that in January 2021 she had "permanently banned [me] from listservs" was false. The transcript of the January 2021 reveals she never said anything resembling that. I also emphasize for the first time that for all Holley's talk about a "listserv policy" and my "violations" of it, these accusations were always pretextual. What concerned Holley foremost was students' rancorous demands she take action against me, which demands were motivated out of anti-Caucasian racial animus.

13. I add detail that may sway the Court on my retaliation claims, for example, that I had filed a complaint of discrimination only days before Holley's announcement she was filing disciplinary charges.

14. Considerable details are added to portray a convincing picture of a school consumed with anti-Caucasian bigotry—not only in its students, but in its faculty and administrators as well.

15. It is further emphasized that the bulk of Holley's criticisms of me portrayed me as culpable not based on the content of my writings but rather the reactions of my classmates— whose anti-Caucasian bias is better demonstrated in my Amended Complaint.

16. Some dismissed claims, such as the § 1985(3) claim against Holley, Lanier-Smith, Evers, Bright, and Frederick, remain in the Amended Complaint recognizing that there has been no change since my original complaint, in case it might serve to preserve the claim for appeal.

17. I combined my Title VI and D.C.H.R.A. claims into a single count.

18. Importantly, I place my October 2020 comments within a wider context of the dozens of comments I had made and continued to make supportive of people of color to counter Defendants' suggestions that I came to Howard to cause trouble or went around making offensive remarks. Nothing could have been further from the truth.

19. In their MTD, Defendants painstakingly excerpted my four-part letter to make it sound as incriminating as possible—to the point of making me appear to say the opposite of what I actually said. In the Amended Complaint, I provide a summary of that letter that corrects the record with a much truer picture of what I actually said.

20. In my Amended Complaint I now allege the existence of a contract with my acceptance letter, provided as Exhibit 1, an accompanying Fact Sheet, and Howard's Merit Scholarship Policy; secondarily on oral and implied agreements; and finally in the alternative, the policy documents I had relied on for contract claims in my Original Complaint.

## **LCvR 7(m) CERTIFICATION**

I hereby certify that yesterday, April 9, 2024, I notified Defendants' Counsel Amanda Shafer Berman of my intent to file this Motion for Reconsideration, and she has informed me that Defendants oppose this Motion.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion and the Amended Complaint (both standard and redline versions) were served today, April 10, 2024, on Defendants' Counsel via email and U.S. Post to the following:

ABerman@crowell.com
Amanda Shafer Berman
1001 Pennsylvania Ave., NW
Washington, D.C. 20004

April 10, 2024

*[signature: Michael R. Newman]*

_____
Michael R. Newman, Plaintiff *Pro Se*
(Address Under Seal)
(808) 796-4708
thayray@gmail.com