**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL R. NEWMAN,          ) <br>           ) <br>         Plaintiff,    ) <br>           ) <br> v.                     ) <br>           ) <br> HOWARD UNIVERSITY SCHOOL  ) <br> OF LAW, *et al.*         ) <br>         Defendants.  ) | Civil Action No. 1:23-cv-00436-TNM |

## STIPULATED DISCOVERY CONFIDENTIALITY ORDER

**WHEREAS**, the parties to the above-captioned case are engaged in discovery proceedings, which include, among other things, producing documents;

**WHEREAS**, those discovery proceedings will necessarily involve the production of certain information that the parties to the case (the "Parties," each a "Party") believe to be confidential, including education records and sensitive commercial, financial, business, or proprietary information;

**WHEREAS**, certain documents may contain information which may: (1) constitute student education records protected from disclosure by the Family Education Rights and Privacy Act ("FERPA") ("education records"); (2) constitute personally identifying information ("PII") that is required to be kept confidential by law, contract, or university policy; or (3) constitute confidential or sensitive commercial, financial, business, or proprietary information;

**WHEREAS**, the Parties desire to protect the confidentiality of the education records, Personally Identifying Information ("PII"), and confidential or sensitive commercial, financial, business, or proprietary information, and improper disclosure of such information could violate the privacy rights of the Parties or third parties and cause serious harm; and

**WHEREAS**, protecting such confidential information from disclosure is in the public interest;

**IT IS HEREBY STIPULATED AND AGREED** by and among the Parties, by and through their respective counsel of record:

1

1. **Scope of Protection.**

   (a) This Stipulated Discovery Confidentiality Order ("Discovery Confidentiality Order") shall govern the handling of all documents and any other material produced or otherwise disclosed ("Discovery Material") by or among any Party or non-party providing Discovery Material (each a "Producing Party") in this case.

   (b) This Discovery Confidentiality Order shall apply to the Parties and to any non-party from whom discovery may be sought who requests the protection of this Discovery Confidentiality Order. The Parties agree to be bound by the terms of this Discovery Confidentiality Order pending the entry by the Court of this Discovery Confidentiality Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Discovery Confidentiality Order had been entered by the Court. If, for any reason, the Court declines to approve this Discovery Confidentiality Order and sign the order below, the Parties shall meet and confer to negotiate a mutually agreeable alternative that addresses the Court's concerns.

   (c) This Discovery Confidentiality Order, or any agreement thereto by the Parties, shall not be deemed a waiver of any Party's right to object to any discovery requests on any grounds including, without limitation, relevancy, discoverability and/or admissibility, all of which are expressly reserved by the Parties.

2. **Designation of Confidential Material.**

   (a) "Confidential Material" shall consist of all documents and writings that contain sensitive or confidential information. Any document or information produced in discovery may be designated as Confidential Material by marking it as "CONFIDENTIAL" at the time of production. The parties shall endeavor to make such designation at the time that copies are furnished to a Party conducting discovery, or when such documents or information are otherwise disclosed.

   (b) The Producing Party shall designate Confidential Material by clearly marking the Confidential Material with the word "CONFIDENTIAL" in accordance with Paragraph 2(c) below. The Producing Party shall designate information "CONFIDENTIAL" only if the Producing Party believes in good faith that the information so marked contains PII, education records, or sensitive or confidential commercial, financial, business, or proprietary information. The designation of Discovery Material as "CONFIDENTIAL" shall constitute a

2

representation that such Discovery Material has been reviewed and that there is a good faith basis for such designation.

(c) The designation of Confidential Material for purposes of this Discovery Confidentiality Order shall be made in the following manner:

    (i) In the case of written materials (apart from deposition transcripts), by stamping "CONFIDENTIAL" on each page containing any Confidential Material or by providing the Parties subject to this agreement with reasonable written notice designating documents or other information as "CONFIDENTIAL."

    (ii) Information disclosed at a deposition may be designated as "CONFIDENTIAL" by indicating on the record at the deposition that the information is "CONFIDENTIAL" and is subject to the terms of this Discovery Confidentiality Order. A Party who indicates on the record at the deposition that the information is "CONFIDENTIAL" must, within thirty (30) days of a Party's receipt of the transcript, identify the specific pages and lines of the transcript that should be treated as "CONFIDENTIAL" by notifying all Parties in writing, within thirty (30) days of a Party's receipt of the transcript, of the specific pages and lines of the transcript that should be treated as "CONFIDENTIAL." A Party may also designate information disclosed at such deposition as "CONFIDENTIAL" by notifying all Parties in writing, within thirty (30) days of a Party's receipt of the transcript, of the specific pages and lines of the transcript that should be treated as "CONFIDENTIAL." Only those pages and lines of the transcript specifically designated as "CONFIDENTIAL" shall be treated as such. Furthermore, Confidential Material shall not lose its character because it is designated as an exhibit to a deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or part, as "CONFIDENTIAL." Documents or information designated as "CONFIDENTIAL" may be used or disclosed in a deposition or as deposition exhibits only on the condition that all persons present at the deposition are permitted, pursuant to the terms of this Discovery Confidentiality Order, to review the information or material sought to be used, pursuant to Paragraph 5. Absent an agreement between the Parties, if all persons present at the deposition are not permitted under this Discovery Confidentiality Order to review the information or material sought to be used, any person not so permitted shall leave the room during the

period(s) in which the "CONFIDENTIAL" documents or information is being used and/or discussed. During the course of a deposition, counsel may anticipate such disclosure and designate in advance certain deposition exhibits, deposition testimony, and portions of any deposition transcript as "CONFIDENTIAL."

(iii)   For Confidential Material produced in some form other than documents, and for any other tangible items, including, without limitation, any electronic media, the designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "CONFIDENTIAL." If only portions of the Confidential Material or item warrant protection, the designating Party, to the extent practicable, shall identify the "CONFIDENTIAL" portions. For Confidential Material produced in electronic format ("ESI"), the designating Party shall affix in a prominent place in any electronic repository or electronic document in which the information or item is stored the label "CONFIDENTIAL." For ESI produced in TIFF format, each image shall be stamped with the label "CONFIDENTIAL."

(iv)   Following a Party's receipt of Discovery Material subpoenaed from a third party (either from another Party or the third party), any Party may designate which, if any, of that Discovery Material shall be considered Confidential Material. The third party or third parties producing such Discovery Material also may designate which, if any, of that Discovery Material shall be considered Confidential Material. All such Confidential Material so designated shall be handled in accordance with this Discovery Confidentiality Order. Upon any Party or non-party making such a designation, subpoenaing counsel shall consider all such designated documents Confidential Material and handle the same in accordance with this Discovery Confidentiality Order.

3.   **Personally Identifying Information.** The Parties intend that any and all Personally Identifying Information ("PII") produced in this action besides that of Plaintiff shall be deemed Confidential Material and governed by this Discovery Confidentiality Order, even if not separately designated as such by the Producing Party. This Discovery Confidentiality Order does not authorize the disclosure of PII under any other circumstances.

4. **Burden of Proof and Challenges to Confidential Material.**

   (a) All disputes concerning matters falling within the scope of or relating to the interpretation of this Discovery Confidentiality Order shall be submitted for ruling to the Court.

   (b) In the event that a Party disagrees with any "CONFIDENTIAL" designation(s), that Party shall serve a written notice of objection on the Party so designating the material. The Parties shall then attempt in good faith to resolve the dispute. If the Parties are unable to come to a resolution, the Party asserting the materials are "CONFIDENTIAL" shall seek an order from the Court as to whether such disclosure may be made and whether any restrictions or limitations should be placed on any such disclosure. Any such material as to which an objection has been made shall be treated as Confidential Material until such time as the Court resolves the objection. Nothing in this Discovery Confidentiality Order shall shift any burden of proof, including the burden of establishing that any Discovery Material validly constitutes "CONFIDENTIAL" material, which burden remains on the party that designates such Discovery Material or testimony as "CONFIDENTIAL."

   (c) Nothing in this Discovery Confidentiality Order shall constitute a waiver of any Party's right to object to the designation or non-designation of a particular document as "CONFIDENTIAL."

   (d) Except for good cause shown, a Party may object to a designation until thirty (30) days before trial under this Discovery Confidentiality Order unless the Producing Party can show prejudice has resulted from the delay in objection.

5. **Restrictions on Disclosure.** All Confidential Material produced or disclosed by the Parties in this action shall be subject to the following restrictions:

   (a) Such documents, information, and things shall be used by the receiving Party only for the purpose of this specific action. The receiving Party may only use this information in another legal proceeding provided that the Party seeking to use the information in a related or subsequent action obtains either (i) the written consent of the Producing Party, or (ii) an order from the Court permitting such use. This Court shall retain jurisdiction over this agreement and the confidentiality of any documents produced pursuant to it;

   (b) Such documents, information, and things shall not be shown or communicated in any way inconsistent with this Discovery Confidentiality

Order or to anyone other than "Qualified Persons," defined below in
Paragraph 7, which persons receiving Confidential Material shall not make
further disclosure to anyone except as allowed by this Discovery
Confidentiality Order; and

(c) No one except Qualified Persons identified in Paragraph 7 shall be provided
copies of any Confidential Material.

6. **The Parties' Right to Use Confidential Material.**

(a) All Confidential Material subject to the provisions of this Discovery
Confidentiality Order shall be used by the person receiving it only in
connection with prosecuting or defending this action. The receiving Party
may only use this information in another legal proceeding provided that the
Party seeking to use the information in a related or subsequent action obtains
either (i) the written consent of the Producing Party, or (ii) an order from the
Court permitting such use. Confidential Material shall not be used for any
business or commercial purpose. This Court shall retain jurisdiction over this
agreement and the confidentiality of any documents produced pursuant to it.

(b) To the extent that a Party seeks to file Confidential Material, the filing party
shall either redact that Confidential Material from its filing or ask the Court
to seal the materials.

(c) Nothing in this Discovery Confidentiality Order shall limit the Parties use of
their own Confidential Material. To the extent a designating Party elects to
publicly disclose its own Confidential Material in a court filing or otherwise
cease to treat that material as confidential, the other Party may do so likewise.

7. **Qualified Persons.**

(a) The Parties and their respective counsel agree that Confidential Material shall
not be disclosed, nor shall its contents be disclosed, to any person, except to
the following persons ("Qualified Persons") and subject to the limits of the
other Paragraphs of this Discovery Confidentiality Order.

(b) Information and materials designated as "CONFIDENTIAL" may only be
disclosed to:

(i) The parties and their counsel (in-house or outside counsel), counsel's
affiliated attorneys, and staff and supporting personnel of such
attorneys, such as paralegal assistants, secretarial, stenographic and
clerical employees, who are working on this proceeding (or any further

proceedings herein) under the direction of such attorneys and to whom it is reasonably necessary that the Confidential Material be disclosed for purposes of this proceeding and in-house counsel to the undersigned Parties and the paralegal, clerical, and secretarial staff employed by such counsel. Provided, however, that each individual given access to such Confidential Material shall be advised that it is being disclosed pursuant to, and is subject to, the terms of this Discovery Confidentiality Order and that it may not be disclosed other than pursuant to the terms of this Discovery Confidentiality Order. "Trial Counsel" shall mean outside retained counsel and shall not include in-house counsel;

(ii)   Those officers, directors, partners, members, employees and agents of all Parties to this action that counsel for such Parties deems essential to aid counsel in the prosecution and defense of this action. Provided, however, that each individual given access to such Confidential Material shall be advised that it is being disclosed pursuant to, and is subject to, the terms of this Discovery Confidentiality Order and that it may not be disclosed other than pursuant to the terms of this Discovery Confidentiality Order;

(iii)  The Court, personnel of the Court, court reporters and their staff (whether at depositions, hearings, or any other proceeding), video equipment operators at deposition, jurors, any other judge with jurisdiction over this action or any appeal hereof, including any authorized personnel of such Court, and any other person employed by the Court whose duties require access to Confidential Material;

(iv)   Any deposition, trial, or hearing witness in this action who previously has had access to the Confidential Material, or who is currently or was previously an officer, director, partner, member, employee, or agent of an entity that has or had access to the Confidential Material while the aforementioned witness was affiliated with the entity;

(v)    Any deposition or non-trial hearing witness in this proceeding who previously did not have access to the Confidential Material, in accordance with the procedures set forth in Paragraph 9;

(vi)   Experts and consultants assisting counsel with respect to this action, whether or not retained to testify at any oral hearing, and their secretarial, technical, and clerical employees who are actively assisting in the preparation of this action, in accordance with the procedures set

forth in Paragraph 9. It shall be the obligation of the Parties or their counsel, upon learning of any breach of this Discovery Confidentiality Order by any such expert or expert consultant, to promptly notify the Designating Party of the Confidential Material of such breach;

(vii) Vendors and contractors, who are working on this action under the direction of such attorneys and to whom it is reasonably necessary that the Confidential Material be disclosed for purposes of this action, such as photocopy service personnel, outside copying services, and discovery contractors and vendors;

(viii) Any person identified on the face of any such Confidential Material as an author or recipient thereof;

(ix) Mock jury participants, in accordance with the procedures set forth in Paragraph 9. Participants may not remove any Confidential Material from the site of the mock jury exercise;

(x) Any other person or entity that the Designating Party agrees to in writing; and

(xi) Any other person by order of this Court after notice to all Parties and opportunity to be heard, or as agreed between the Parties, except that the PII and education records shall only be disclosed in accordance with this Discovery Confidentiality Order or further order of the Court.

(xii) In all events, the Parties shall make a good faith effort to limit dissemination of Confidential Material within these categories to persons who have a reasonable need for access thereto.

(c) Confidential Material may be provided to the persons listed in Paragraph 7(b)(vi) only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this action, provided that such expert or consultant is using said Discovery Material solely in connection with this action and further provided that such expert or consultant agrees to be bound by the terms of this Discovery Confidentiality Order by signing an undertaking in the form Acknowledgement Of And Agreement To Be Bound By The Stipulated Discovery Confidentiality Order," which is attached as Exhibit A hereto.

(d) The Party, or their counsel, showing, providing, or disclosing Confidential Material to any person required to execute an undertaking pursuant to this

Paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. Nothing in this Paragraph or Discovery Confidentiality Order shall constitute a waiver of any Party's right to seek to disqualify an expert in accordance with applicable law.

(e) Confidential Material may be provided to the persons listed in Paragraph 7(b)(v) only after they confirm their understanding and agreement to abide by the terms of this Discovery Confidentiality Order by making such a statement on the record, and/or by signing an undertaking in the form attached as Exhibit A hereto. The Party, or their counsel, showing Confidential Material to any person required to execute an undertaking pursuant to this Paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

8. **Acknowledgement.** Any Qualified Person identified in Paragraph 7 to whom the Confidential Material is shown or to whom information contained in such materials is to be revealed (other than Qualified Persons identified in Paragraphs 7(b)(i) and 7(b)(iii), personnel of the Court, any other judge with jurisdiction over this proceeding or any appeal hereof) shall first be required to agree in writing to be bound by the terms of this Discovery Confidentiality Order, in the form attached as Exhibit A hereto, and counsel employing such persons or making such disclosure to such persons shall retain that signed, written agreement. As to each person to whom any information contained in the Confidential Material is revealed or shown pursuant to this Discovery Confidentiality Order, such information may be used only for purposes of this action and any related or subsequent actions in accordance with Sections 5(a) and 6(a), and may not be used for any other purpose.

9. **Conclusion of the Action.**

(a) Within forty-five (45) days after the conclusion of this action, including the exhaustion of all possible appeals and/or remands, and upon the written request of the Producing Party, all persons having received Confidential Material designated "CONFIDENTIAL" shall either: (i) make a good faith and reasonable effort to assemble and return to the Producing Party all materials that reveal information designated as Confidential Material and copies thereof; or (ii) make a good faith and reasonable effort to destroy all such material and copies thereof, and a declaration to opposing counsel certifying such destruction or disposal shall be provided to counsel for the Producing Party. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

(b) Notwithstanding the above, one electronic or hard copy of the files in this case may be retained by counsel of record for each Party, subject to the terms of this Discovery Confidentiality Order (except for PII and education records, which shall be returned or destroyed). With respect to any such retained material, this Discovery Confidentiality Order shall survive the final termination of the action to the extent that the information in such material is not or does not become known to the public by means other than disclosure by the receiving Party's counsel or any other person authorized to receive such material pursuant to this Discovery Confidentiality Order.

(c) This Discovery Confidentiality Order shall continue to be binding after the conclusion of this proceeding and all subsequent proceedings arising from this proceeding, except that a party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Discovery Confidentiality Order. The Court shall retain jurisdiction, even after termination of this action (i) to make such arrangements, modifications, and additions to this Discovery Confidentiality Order as it may from time to time deem appropriate upon good cause shown; and (ii) to adjudicate any dispute respecting improper use or disclosure of Confidential Material.

10. **Equal Application.** This Discovery Confidentiality Order shall be applied equally to information obtained by a producer in response to any subpoena, including, in particular, information produced by non-parties. Any non-party that designates any information as "CONFIDENTIAL" pursuant to this Discovery Confidentiality Order may agree to submit to the Court's jurisdiction with regard to the determination of disputes involving such designations.

11. **Retroactive Designation.** A Producing Party may designate as "CONFIDENTIAL" any Discovery Material that has already been produced (i) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes "CONFIDENTIAL" material or (ii) in a manner consistent with Paragraph 2. Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so designated as "CONFIDENTIAL," and such Confidential Material shall be fully subject to this Discovery Confidentiality Order from the date of such supplemental notice forward. If any Confidential Material was disclosed or used before the retroactive designation, such disclosure or use shall not be deemed a violation of this Discovery Confidentiality Order, provided that the receiving party takes reasonable steps to notify any third-party to whom disclosure was made that the document is confidential and request that any confidential documents are deleted. Retroactive

designations must be made within a reasonable timeframe upon discovering the need for such designation.

12. **Inadvertent Production or Disclosure of Confidential Material.**

    (a) Any inadvertent or unintentional disclosure of Confidential Material, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. Upon discovery of any inadvertent or unintentional disclosure, counsel for the Parties shall make all reasonable efforts to mitigate any deleterious effects of such disclosure, and shall cooperate to restore the confidentiality of such disclosed information.

    (b) In the event that any document, testimony, or information that is subject to a "CONFIDENTIAL" designation is inadvertently produced without such designation, the party that inadvertently produced the document shall diligently give written notice of such inadvertent production, together with a further copy of the subject document, testimony, or information designated as "CONFIDENTIAL" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced document, testimony, or other information and all copies thereof shall return the inadvertently produced document, together with all copies of such document, to counsel for the Producing Party and shall retain only the materials designated as "CONFIDENTIAL." In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of documents, testimony, or information, such law shall govern.

13. **Inadvertent Disclosure of Privileged Information.**

    (a) If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity.

        (i) A claim of inadvertent production shall constitute a representation by that Producing Party that the Inadvertent Production Material has

11

been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production.

(ii) If a claim of inadvertent production is made pursuant to this Discovery Confidentiality Order, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall: (1) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (2) if requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (3) not use the Inadvertent Production Material for any purpose.

(iii) A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

(b) Regardless of the volume of documents inadvertently produced, the nature and extent of that production cannot constitute a waiver of any privilege that attaches to other documents that address the same topic or issue.

## 14. Use of Confidential Material at Trial.

(a) The Parties shall meet and confer regarding the procedures for use of any Confidential Material at trial and any Party may move the Court for entry of an appropriate order.

(b) Nothing in this Discovery Confidentiality Order shall preclude a Party from disclosing or offering into evidence at the time of trial or during a hearing any document or information designated as Confidential Material, subject to the rules of evidence and any other Party's objections as to the admissibility or claims of confidentiality of the document or information.

(c) The Court may take such measures, as it deems appropriate, to protect the claimed confidential nature of the document or information sought to be

admitted and to protect the Confidential Material from disclosure to persons who are not authorized to view such information under this Discovery Confidentiality Order.   If a Party seeks to file unredacted Confidential Material, it shall file a motion with the Court for filing under seal, unless the Producing Party otherwise agrees.

(d) If the Parties are unable to agree on the procedures for using Confidential Material at trial, either Party may seek a ruling from the Court to establish such procedures.

15. **No Waiver or Modification.**

(a) The failure to designate Discovery Material as "CONFIDENTIAL" does not constitute a waiver of such claim, and any Discovery Material is subject to the protections of this Discovery Confidentiality Order from the time it is designated and stamped "CONFIDENTIAL."

(b) Nothing in this Discovery Confidentiality Order shall be deemed to limit, prejudice, or waive any right of any Party or person to: (i) resist or compel discovery with respect to, or to seek to obtain additional or different protection for, material claimed to be protected as privileged under state or federal law, material as to which the Producing Party claims a legal obligation not to disclose, or material not required to be provided pursuant to state or federal law;  (ii) object to discovery that it believes to be otherwise improper; (iii) otherwise require that discovery be conducted according to governing laws and rules; (iv) petition the Court for further protection relating to any purportedly Confidential Material, or seek a determination by the Court whether any Discovery Material or Confidential Material should be subject to the terms of this Discovery Confidentiality Order; (v) agree in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material; or (vi) object to the relevance, authenticity, use, or admissibility into evidence of any Discovery Material, document, testimony, or other evidence subject to this Discovery Confidentiality Order.

(c) Entering into this Discovery Confidentiality Order, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Discovery Confidentiality Order shall not: (i) preclude any Party from opposing any discovery on any basis; (ii) operate as a waiver of any applicable common law or statutory privilege or work product protection, including but not limited to attorney-client, work product, business strategy, trade secret, or other privilege; (iii) waive or modify any past, present, or future duty as to confidentiality, if any, which may arise independently

13

whether by contract or otherwise; or (iv) operate as an admission by any Party that any particular Discovery Material constitutes Confidential Material.

(d) The fact that any material or record has been designated as Confidential Material pursuant to this Discovery Confidentiality Order shall not itself be admissible into evidence and the Court shall not consider the fact of such designation in determining the merits of this case.

16. **Other Relief.** The Parties mutually agree that the Court may enforce the terms of this Discovery Confidentiality Order to protect Confidential Material, including by ordering any relief available under state or federal law. The Parties reserve the right to apply to the Court at any time for relief seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Discovery Confidentiality Order upon good cause shown. This Order does not prejudice the right of any Party or non-party to apply to the Court for any other or further relief or-to object on any appropriate grounds to any discovery requests, including to non-discoverable Confidential Material.

17. **Future Orders.** Nothing in this Discovery Confidentiality Order shall prohibit the Parties from seeking an Order of the Court regarding the production or protection of these or other materials in the future.

18. **Ongoing Obligations.** Insofar as the provisions of this Discovery Confidentiality Order restrict the disclosure and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this action.

19. **Additional Parties.** Any additional parties that are later joined in this action, shall not have access to Confidential Material until the additional party has executed and filed with the Court its agreement to be fully bound by this Discovery Confidentiality Order.

20. **Unauthorized Disclosure.** In the event of disclosure of any Confidential Material to a person not authorized to have access to such material, the Party responsible for having made such disclosure shall use its best efforts to obtain the return of any such material, inform such person of all provisions of this Discovery Confidentiality Order, and to bind such persons to the terms of this Discovery Confidentiality Order by requiring the execution of the form attached hereto as Exhibit A as soon as possible.

21. **Termination of Access.** In the event that any person or Party ceases to be engaged in the conduct of the above-captioned matter, such person's or Party's access to Confidential Material shall terminate, and all copies thereof in their possession shall

be returned or destroyed in accordance with the terms of Paragraph 10. If new counsel replaces current counsel, the former counsel shall transfer all Confidential Material to new counsel, except that such return or destruction or transfer shall take place as soon as practicable after such person or Party ceases to be engaged in the conduct of the action. The provisions of this Discovery Confidentiality Order shall remain in full force and effect as to any person or Party who previously had access to Confidential Material, except as may be specifically ordered by the Court or consented to by the Producing Party.

22. **Excluding Non-Qualified Persons.** Any Party, or their counsel, to this action or counsel for the witness may exclude from the room during any deposition, hearing, trial, mediation, or other proceeding, any person (other than the testifying witness) who is not entitled under this Discovery Confidentiality Order to receive or access Confidential Material.

**IT IS SO STIPULATED.**

Dated: July 6, 2024

CROWELL & MORING LLP

By: /s/ *Amanda S. Berman*
Amanda Shafer Berman, Esq.
Crinesha Berry, Esq.
Kyle Burke-Lyons, Esq.
*Counsel for Defendants*

PLAINTIFF

By: *Michael R. Newman*
Michael Ray Newman
*Plaintiff, Pro Se*

15

## <u>DISCOVERY CONFIDENTIALITY ORDER</u>

WHEREFORE, good cause appearing therefor, the provisions of the foregoing Stipulated Discovery Confidentiality Order shall become the Order of this Court and shall be entered in this action.

Dated: _7/8/24_     _____

Judge of the United States District Court
for the District of the District of Columbia

## EXHIBIT A

## ACKNOWLEDGEMENT OF AND AGREEMENT TO BE BOUND BY THE STIPULATED DISCOVERY CONFIDENTIALITY ORDER

I have read the Stipulated Discovery Confidentiality Order ("Agreement") entered in the action entitled *Newman v. Howard University School of Law*, Case No. 1:23-cv-00436 (TNM) (D.D.C.). I understand the provisions of the Agreement and agree to comply with and be bound by all of them. I further consent to jurisdiction of the United States District Court for the District of the District of Columbia for purposes of enforcing the terms of the Agreement.


Dated: _____        Signature: _____

Printed Name: _____

17