UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL R. NEWMAN**, <br><br> Plaintiff, <br><br> v. <br><br> **HOWARD UNIVERSITY SCHOOL OF LAW**, et al. <br><br> Defendants. | Case No. 1:23-cv-00436 (TNM) |

## MEMORANDUM ORDER

Defendants Howard University School of Law *et al.* move to seal two exhibits filed by Plaintiff Michael Newman. Sealed Mot. Seal, ECF No. 97, at 1. They assert that these exhibits contain confidential student information; specifically, names of students at the University who are not parties to or involved in this lawsuit. *Id.* at 2. Plaintiff Michael Newman is amenable to the request, provided Howard University redacts the documents itself. Response Mot. Seal, ECF No. 98, at 2. The Court finds that the factors given in *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980), support sealing the exhibits. However, Newman will be responsible for filing redacted versions of the exhibits, as that is his responsibility under the protective order.

The Court takes the *Hubbard* factors in turn. First, the need for public access to the documents at issue. *Hubbard*, 650 F.2d at 317. This factor weighs in favor of sealing the exhibits, as there is minimal interest in the public learning the identity of students wholly uninvolved in this litigation. *See id.* at 319 ("We think that were a third party's property and privacy rights are at issue the need for minimizing intrusion is especially great and the public interest in access to materials which have never been judicially determined to be relevant to the

[case] is especially small."). The relevant portions of the exhibits will remain public, with irrelevant private information redacted.

Second, the extent of previous public access to the documents. *Hubbard*, 650 F.2d at 318. These exhibits were filed only this month. Ex. A, ECF No. 95-1; Ex. C, ECF No. 95-3. There is no indication that the documents have been widely accessed or disseminated by the public. *Cf. United States v. Puma*, 666 F. Supp. 3d 7, 14 (D.D.C. 2023) (finding this factor weighed in favor of disclosure where videos were livestreamed on social media). Thus this factor weighs in favor of sealing.

"The third, fourth, and fifth *Hubbard* factors are interrelated, and require courts to look at the strength of the property and privacy interests involved, and to take into account whether anyone has objected to public disclosure and the possibility of prejudice to that person." *Upshaw v. United States*, 754 F. Supp. 2d 24, 29 (D.D.C. 2010); *see also Hubbard*, 650 F.2d at 319–21. Here, Howard University is objecting to the disclosure of its students' identities. Third parties have a strong privacy interest in keeping their identities confidential. *See In re Press Application for Access to Jud. Recs. in Case No. 23-SC-31*, 704 F. Supp. 3d 161, 172 (D.D.C. 2023). More, the exhibits show these students expressing their opinions on matters of racial and political sensitivity, which only heightens their demand for confidentiality. *See Matter of the Application of WP Co. LLC*, 201 F. Supp. 3d 109, 129 (D.D.C. 2016). Permitting disclosure would prejudice these third parties, as they have not consented to the use of their names in connection with this litigation nor have they consented to their private views being made public. *See In re Nat. Broad. Co., Inc.*, 653 F.2d 609, 620 (D.C. Cir. 1981) (refusing to release tapes when doing so would expose third parties "to public humiliation and degradation" and "would constitute an

unconscionable invasion of privacy."). More, Howard University itself would be prejudiced, given that disclosure would flout the clear terms of the protective order.

Finally, the Court considers the purposes for which the documents were introduced during the proceeding. *Hubbard*, 650 F.2d at 321. Newman files the exhibit to support his motion to file a video recording of a deposition. *See* Mot. Leave File Depo. Vid., ECF No 88. The identities of those students whom Newman was communicating with have no bearing on this motion and thus do not constitute information "upon which the court's review [will] be based," and on which its decision will "rely." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 668 (D.C. Cir. 2017). Redacted versions of the exhibits fully serve the purpose of the exhibits. Therefore this factor weighs in favor of sealing.

All six *Hubbard* factors thus weigh in favor of sealing the exhibits. The Defendants' Motion to Seal is accordingly **GRANTED.** More, Newman is directed to file redacted versions of the exhibits on the public docket by February 5, 2025. Although Newman argues the protective order does not apply to documents he possessed prior to discovery, that is an incorrect reading of the agreement. Instead, the protective order applies to "all documents and any other material produced or otherwise disclosed . . . in this case." Protective Order, ECF No. 56, at 2. By its plain terms, then, the protective order covers any document that Newman uses in support of his case, regardless of when he obtained it. Thus Newman is responsible for redacting confidential information from the exhibits. *See id.* at 6 ("To the extent that a Party seeks to file Confidential Material, the filing party shall either redact that Confidential Material from its filing or ask the Court to seal the materials.").

**SO ORDERED**.

Dated: January 22, 2025                               TREVOR N. McFADDEN, U.S.D.J.

3