## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL R. NEWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:23-cv-00436-TNM |
| v. | ) | |
| | ) | |
| HOWARD UNIVERSITY SCHOOL | ) | |
| OF LAW, *et al*. | ) | |
| Defendants. | ) | |
| | ) | |

**UNOPPOSED MOTION TO SEAL ECF NO. 106-10 TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS**

Amanda Shafer Berman (#497860)
Crinesha B. Berry (#1738923)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: (202) 688-3451
aberman@crowell.com
cberry@crowell.com

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Defendants Howard University School of Law, *et al.*, hereby move for an Order sealing Exhibit J (ECF No. 106-10) to Defendants' Opposition to Plaintiff's Motion for Sanctions (ECF No. 106). That exhibit was inadvertently filed in unredacted form, including the name of a student who passed away and her cause of death. The Clerk's Office has temporarily sealed the exhibit until further order from this Court. Sealing is necessary to comply with the Protective Order entered in this case and to protect the privacy of the former student and her family. Defendants therefore request an Order instructing the Clerk to permanently seal ECF No. 106-10. Defendants will provide a public version of the Exhibit with student health information redacted.

Pursuant to LCvR 7(m), Defendants' counsel sought Mr. Newman's consent to the relief requested in this motion. Mr. Newman represented that he consents to the relief requested.

## <u>APPLICABLE LEGAL STANDARD</u>

Section 4(C) of this Court's Standing Order (ECF No. 5) directs that motions to seal shall reference the factors identified in *Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). In *Hubbard*, the D.C. Circuit set forth six factors that district courts must consider when determining whether to seal documents: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *Hubbard*, 650 F.2d at 317-22.

Also highly relevant here is the parties' Protective Order. (ECF No. 56.) The Order states: "The Parties intend that any and all Personally Identifying Information ("PII") produced in this action besides that of Plaintiff shall be deemed Confidential Material and governed by this Discovery Confidentiality Order, even if not separately designated as such by the Producing Party.

1

This Discovery Confidentiality Order does not authorize the disclosure of PII under any other circumstances." *Id.* at 4. Section 6(b) of the Protective Order then requires the filing party to either redact or seal confidential material. *See id.* at 6 ("To the extent that a Party seeks to file Confidential Material, the filing party shall either redact that Confidential Material from its filing or ask the Court to seal the materials.").

## <u>ARGUMENT</u>

The Court should order the sealing of Exhibit J (ECF No. 106-10) to Defendants' Opposition to Plaintiff's Motion for Sanctions to protect the privacy of the deceased student identified therein and her family. There is no reason to expose the student's name and personal health information to those who might review the public filing. A redacted version of the exhibit would provide sufficient information for both the Court and interested members of the public.

Redaction or sealing is required under the parties' Protective Order to protect the privacy of students who are not parties to this litigation. The Protective Order states that documents containing PII, which would include student names and other identifiable information, will be protected from public disclosure regardless of the producing party and whether the document is designated as "Confidential Material." *See* ECF No. 56 at 4, 6. The protection of PII in the Protective Order ensures compliance with privacy laws, Family Education Rights and Privacy ("FERPA"), and safeguards individual privacy rights while allowing the litigation to proceed on relevant merits. The Protective Order also requires a party that inadvertently discloses protected information to take immediately steps to redress the disclosures. *Id.* at 11 ("Upon discovery of any inadvertent or unintentional disclosure, counsel for the Parties shall make all reasonable efforts to mitigate any deleterious effects of such disclosure, and shall cooperate to restore the confidentiality of such disclosed information."). Here, Defendants inadvertently failed to redact the student's name and health information from the exhibit, and so now ask the Court to seal that

exhibit and allow them to file a redacted public version.

In addition to being required by the Protective Order, sealing and redaction of Exhibit J is also appropriate under the *Hubbard* six-factor standard:

*Factor One: The need for public access to the document at issue.* The public's right to information is not absolute. *See New York v. Microsoft Corp.*, Civil Action No. 98-1233 (CKK), 2002 U.S. Dist. LEXIS 7673, at *5 (D.D.C. Apr. 19, 2002). Here, public access to the exhibit in question is minimal as the information contained within—a student's health information—has no relevance to this litigation. The primary function of the exhibit can still be served through an appropriately redacted version that complies with the Protective Order.

*Factor Two: The extent of previous public access to the document.* The exhibit has not been widely accessed. It was filed on March 18, and, on March 19, the Clerk temporarily sealed the exhibit at the request of Defendants' counsel. Permanent sealing will minimize public exposure.

*Factor Three: The fact that someone has objected to disclosure, and the identity of that person.* Defendants object to the disclosure of current or former students' names in court filings, especially given they are third parties with no connection to this litigation. *See Peraton Sols. Inc. v. Military Bowl Found., Inc.*, Civil Action No. 23-1052 (JEB), 2023 U.S. Dist. LEXIS 97092, at *4 (D.D.C. Apr. 17, 2023) (granting motion to seal and explaining that "the fact that a party moves to seal the record weighs in favor of the party's motion."). Defendants have an interest in protecting the identifies of former and current students who are not directly involved in this litigation and have not consented to disclosure of their names in connection with it.

*Factor Four: The strength of any property and privacy interests asserted.* The privacy interests here are substantial. Disclosure of student names or personal health information could lead to significant harm, including exposure to potential harassment, reputational damage, or other unintended consequences; here, it could cause particular harms to and have consequences for the

3

family of the deceased student. The Protective Order underscores the strong public policy in favor of maintaining such information's confidentiality. *See e.g.*, *Doe v. Rider Univ.*, Civ. A. 3:16-cv-04882-BRM-TJB, 2020 U.S. Dist. LEXIS 25708, at *3 (D.N.J. Feb. 4, 2020) (granting a motion to seal highly personal and sensitive information about non-parties who were students); *Doe v. Princeton Univ.*, No. 3:20-CV-4352-BRM-TJB, 2020 U.S. Dist. LEXIS 121337, at *4 (D.N.J. July 10, 2020) (same)).

*Factor Five: The possibility of prejudice to those opposing disclosures.* Sealing this exhibit will not prejudice Plaintiff, who prepared the discovery requests and is aware of Defendants' responses thereto. An appropriately redacted version of the exhibit will maintain the integrity of the record while protecting the student's privacy.

*Factor Six: The purposes for which the document was introduced during the judicial proceeding.* Defendants inadvertently filed the unredacted version as an exhibit in support of Defendants' Opposition to Plaintiff's Motion for Sanctions. *See* ECF No. 106. While the exhibit is relevant to Defendants' Opposition brief, the specific details surrounding the student's cause of death does not need to be disclosed to the public. A redacted version of the exhibit can serve Defendants' purpose without exposing confidential details.

## <u>CONCLUSION</u>

The Protective Order requires, and the *Hubbard* factors strongly support, sealing Exhibit J (ECF 106-10) to protect a former student and their family's privacy interests. Defendants therefore respectfully request that this Court enter an Order sealing Exhibit J and permitting Defendants to file a redacted version of that Exhibit on the public docket.

DATED: March 21, 2025                Respectfully submitted,

/s/ Amanda Shafer Berman
Amanda Shafer Berman (#497860)
Crinesha B. Berry (#1738923)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: (202) 688-3451
aberman@crowell.com
cberry@crowell.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 21, 2025, the foregoing was served upon Plaintiff via

CM/ECF.


/s/ Amanda Shafer Berman
Amanda Shafer Berman