UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL NEWMAN,<br><br>            Plaintiff,<br><br>      v.<br><br>HOWARD UNIVERSITY SCHOOL OF LAW, *et al.*,<br><br>            Defendants. | Case No. 1:23-cv-0436 (TNM) |

# ORDER

Michael Newman moves for leave to file excerpts of self-created deposition transcripts in conjunction with his upcoming summary judgment filings. ECF No. 113. The parties took several depositions before a notary and have obtained certified audio recordings of those depositions. *See id.* at 2. Defendants also obtained a certified transcript of those proceedings. ECF 115 No. at 3. Newman was unable to afford the court reporter's fees and, so, set out to produce his own copy. ECF 113 No. at 2. Defendants oppose Newman's motion. ECF No. 115.

Defendants correctly point out that this Court previously denied Newman leave to file self-prepared deposition transcripts. ECF No. 115 (citing ECF 111 No. at 6 n.3). But Newman used a self-created, unofficial deposition recording to make his first transcripts. *See* ECF 111 at 6 n.3; ECF No. 93 at 2, 4. As this Court explained, nothing in the Federal Rules permits a party to create his own transcripts from an unofficial deposition recording. ECF 111 No. at 6 n.3; *see Alcorn v. City of Chicago*, 336 F.R.D. 440, 442 (N.D. Ill. 2020). The transcripts Newman now offers are different. As the Court understands it, Newman prepared these transcripts using the official audio recordings of the depositions and agrees that the underlying audio recordings

remain the official record of the depositions. *See, e.g.*, ECF No. 113 at 2, 4, 7. And Defendants do not seem to take issue with the validity of the underlying audio recording. Accordingly, the underlying certified deposition recordings remain the ultimate memorialization of the evidence at issue. *See* Fed. R. Civ. P. 30(b)(3)(A) ("Unless the court orders otherwise, [deposition] testimony may be recorded by audio, audiovisual, or stenographic means.").

Defendants do not cite any authority precluding Newman from relying on his self-prepared transcripts under these circumstances. Neither Federal Rule of Civil Procedure 28(c) nor Federal Rule of Civil Procedure 30(f) rules out Newman's ability to rely on these transcripts. *See* ECF 115 No. at 1. The former prohibits an interested party from serving as a deposition officer. Fed. R. Civ. P. 28(c). And the latter governs certification and storage of deposition records. Fed. R. Civ. P. 30(f). Both rules seem to be satisfied here by the deposition recording: The parties agreed on a notary public as the deposition officer, and Defendants do not argue that the officer failed to certify or store the deposition recording as Rule 30(f) requires. The validity of the underlying certified deposition recording likewise distinguishes Newman's request from the one in *Alcorn*. 336 F.R.D. at 441.

Nor does the fact that the Federal Rules of evidence are generally concerned with evidentiary reliability, *see* ECF No. 115 at 1-2, preclude Newman from relying on his own transcripts. In fact, the comments to the Federal Rules contemplate that parties may prepare their own unofficial transcripts of recorded depositions in some instances. *See* Fed. R. Civ. P. 26(a)(3)(B) advisory committee's note to 1993 amendment. The Court further observes that Newman's obligation to submit transcripts of the deposition testimony on which he relies comes from Rule 32(c), and that Rule suggests that the Court could relieve Newman of the obligation to furnish transcripts altogether. Fed. R. Civ. P. 32(c) ("*Unless the court orders otherwise*, a party

must provide a transcript of any deposition testimony the party offers, but may provide the court with the testimony in nontranscript form as well." (emphasis added)).

The Court appreciates that it may be burdensome for Defendants to verify Newman's self-prepared transcripts against the original recordings, particularly at this stage in the litigation. ECF No. 115 at 2-3. The Court, however, also recognizes that Defendants could alleviate that burden by sharing their certified copy of the depositions with Newman. While Defendants are not required share their copy with Newman, the Court is reluctant to deny Newman the ability to cite potentially key evidence in an accessible format because of burdens to the Defendants that Defendants could themselves alleviate. The Court reminds the parties of their obligation to help facilitate "the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. If there is a dispute between the parties as to a particular passage, the Court will request the official audio recording of that portion to determine the wording itself.

Finally, the Court turns to Newman's pending "Motion for Leave to File Audio Recording STE-007, Dep. Lawan Lanier-Smith." ECF No. 120. As the Court understands this motion, Newman invites the Court to compare his one of his self-created transcripts with the original audio for the exclusive purpose of helping the Court to evaluate Newman's Motion for Leave to File Self-Created Transcripts. *See id.* at 2. Because Court determined that it would grant Newman's prior motion, it denies this second motion as moot.

Accordingly, the Court **ORDERS** that the Motion for Leave to File Excerpts of Self-Created Transcripts is **GRANTED**, the Motion for Leave to File Audio Recording STE-007, Dep. Lawan Lanier-Smith is **DENIED AS MOOT**.

    **SO ORDERED**.

Dated: August 15, 2025                                       TREVOR N. McFADDEN, U.S.D.J.