# Exhibit A

## June-July 2024 Email Correspondence Regarding Protective Order



**Thay Ray <thayray@gmail.com>**

---

**Comments on DRAFT Protective Order.**
21 messages

---

**thayray@gmail.com** <thayray@gmail.com>          Sat, Jun 8, 2024 at 4:43 PM
To: "Berman, Amanda" <ABerman@crowell.com>, "Berry, Crinesha" <CBerry@crowell.com>

Dear Ms. Berman,

I have taken time to review your draft protective order in detail. While much of it may be standard and unproblematic, I do note some concerns and have made recommendations accordingly. Most of my concerns revolve around what I discuss under Section 4, below, and have noted to you in a prior email. That is, requests to keep information concealed should arise from the need to protect individual privacy, not to hide institutional wrongdoing.

Please share your feedback on the comments below. In the meantime, any requested documents not properly considered confidential even by your own proposed protective order should be considered past due.

**SECTION 1:** I find the following language in Section 1(b) problematic:

"If, for any reason, the Court declines to approve this Discovery Confidentiality Order and sign the order below, the Parties nonetheless agree to be bound by the terms of this Discovery Confidentiality Order with respect to discovery for the duration of the above-captioned lawsuit."

If the Court declines to approve the Discovery Confidentiality Order, it is not appropriate for the parties to be bound by its terms. Binding the parties to an order that the Court has not approved could lead to enforcement issues and potential inequities, particularly given that the defendants are the ones seeking the confidentiality protections.

To address this concern, I propose revising Section 1(b) as follows:

"This Discovery Confidentiality Order shall apply to the Parties and to any non-party from whom discovery may be sought who requests the protection of this Discovery Confidentiality Order. The Parties agree to be bound by the terms of this Discovery Confidentiality Order pending the entry by the Court of this Discovery Confidentiality Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Discovery Confidentiality Order had been entered by the Court. If, for any reason, the Court declines to approve this Discovery Confidentiality Order and sign the order below, the Parties shall meet and confer to negotiate a mutually agreeable alternative that addresses the Court's concerns."

**SECTION 2:** I want to be clear that marking or "designating" any material as confidential must always be subject to objection. Any objections that the parties cannot reach an agreement on must be turned over to the judge for determination.

Additionally, while I agree that records containing PII of students as defined by FERPA should be protected, beyond PII, I have difficulty seeing any legitimate interest Defendants can have in concealing

"education records." If you can provide specific examples, I am open to discussing them. However, "education records" is a broad term that could arguably apply to practically every document I request. Where individuals' identities are safely obscured, any data related to academic performance, disciplinary records, medical and counseling records, financial information, and most particularly racial demographics, should not be designated as confidential if PII can be safely removed. Likewise, the terms "sensitive," "financial," and "business" either lend themselves to abuse or do not represent a legitimate interest worthy of concealment. The goal is to protect the privacy of individual students while allowing access to information necessary to the case.

**SECTION 3:** While PII shall be deemed Confidential Material, other information within records, such as academic performance data, disciplinary records, medical and counseling records, and financial information, should only be designated as confidential if PII cannot be safely removed. Furthermore, there should be a mechanism to challenge the confidentiality designation of PII if it is believed to be used to shield wrongful actions improperly. Any such challenges should be promptly reviewed by the court to ensure that confidentiality designations are not misused to prevent accountability.

**SECTION 4:** I will not ask the Defendants to violate FERPA or violate students' privacy concerning their education records. Where education records are involved, I will not ask Defendants to reveal PII such as names, addresses, social security numbers, and other sensitive data that could be used for malicious purposes if disclosed. I consent to confidentiality to ensure individual students' academic performance and disciplinary records are protected. I will not ask Defendants to compromise their obligation to protect students' privacy.

However, I will not support the designation of information as confidential when the primary motivation is to shield Defendants from public scrutiny, avoid embarrassment, suppress negative publicity, or prevent accountability for wrongful actions. Such self-serving motivations serve no legitimate purpose other than to protect the Defendants' interests at the expense of transparency and justice.

Confidentiality should be reserved for genuinely sensitive information, and any attempts to misuse confidentiality designations to conceal misconduct, negligence, or other wrongful actions will be challenged vigorously.

**SECTION 5:** Revised Section 5(a): Such documents, information, and things shall be used by the receiving Party only for the purpose of this specific action, any related legal proceedings, or subsequent actions involving similar issues, provided that the Party seeking to use the information in a related or subsequent action obtains either (i) the written consent of the Producing Party, or (ii) an order from the Court permitting such use. If a subsequent action is brought in a different court, the receiving Party must seek permission from that court, which should consider the terms of this Discovery Confidentiality Order and any prior determinations made under it.

**SECTION 6:** Revised Section 6(a): All Confidential Material subject to the provisions of this Discovery Confidentiality Order shall be used by the person receiving it only in connection with prosecuting or defending this action, any related legal proceedings, or subsequent actions involving similar issues, provided that the Party seeking to use the information in a related or subsequent action obtains either (i) the written consent of the Producing Party, or (ii) an order from the Court permitting such use. If a subsequent action is brought in a different court, the receiving Party must seek permission from that court, which should consider the terms of this Discovery Confidentiality Order and any prior determinations made under it. Confidential Material shall not be used for any business or commercial

purpose. This restriction does not prevent the use of Confidential Material by legal counsel in the course of representing clients in related legal matters against the defendants.

**SECTION 8:** Revised: Acknowledgment. Any Qualified Person identified in Paragraph 7 to whom the Confidential Material is shown or to whom information contained in such materials is to be revealed (other than Qualified Persons identified in Paragraphs 7(b)(i) and 7(b)(iii), personnel of the Court, any other judge with jurisdiction over this proceeding or any appeal hereof) shall first be required to agree in writing to be bound by the terms of this Discovery Confidentiality Order, in the form attached as Exhibit A hereto, and counsel employing such persons or making such disclosure to such persons shall retain that signed, written agreement. As to each person to whom any information contained in the Confidential Material is revealed or shown pursuant to this Discovery Confidentiality Order, such information may be used only for purposes of this action and any related legal proceedings or subsequent actions involving similar issues, in accordance with Sections 5(a) and 6(a), and may not be used for any unrelated purpose.

**SECTION 9:** Regarding Section 9, I have the same objections to the term "education records" as previously stated. The term is too broad and could be used to improperly designate non-sensitive information as confidential. Only PII should be protected, and other information should not be designated as confidential unless PII cannot be safely removed.

Revised Section 9(c): This Discovery Confidentiality Order shall continue to be binding after the conclusion of this proceeding and all subsequent proceedings arising from this proceeding, except that a party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Discovery Confidentiality Order. The Court shall retain jurisdiction, even after termination of this action, (i) to make such arrangements, modifications, and additions to this Discovery Confidentiality Order as it may from time to time deem appropriate upon good cause shown; and (ii) to adjudicate any dispute respecting improper use or disclosure of Confidential Material in this proceeding. The obligations and protections imposed by this Discovery Confidentiality Order shall extend to any related legal proceedings, with jurisdiction over disputes in those proceedings to be determined by the appropriate court.

**SECTION 11:** I propose adding the following: "If any Confidential Material was disclosed or used before the retroactive designation, such disclosure or use shall not be deemed a violation of this Discovery Confidentiality Order, provided that the receiving party takes reasonable steps to comply with the order moving forward. Retroactive designations must be made within a reasonable timeframe upon discovering the need for such designation."

Also, note a word omitted, should perhaps read "constitutes 'CONFIDENTIAL' *material*...."

**SECTION 14:** Propose adding: "(d) If the Parties are unable to agree on the procedures for using Confidential Material at trial, either Party may seek a ruling from the Court to establish such procedures."

Thank you for considering the above alterations to your draft protective order.

Michael R. Newman
(808) 796-4708

---

**Berry, Crinesha** <CBerry@crowell.com>                                   Tue, Jun 11, 2024 at 11:53 AM

To: "thayray@gmail.com" <thayray@gmail.com>

Cc: "Berman, Amanda"

<ABerman@crowell.com> Good Morning, Mr.

Newman:

We write to respond to your email below, as well as your last set of discovery requests.

First, in our experience most parties enter into a Protective Order before producing any documents, including to ensure that the document produced are only used in agreed ways. We informed you that was our intent here when we sent the draft PO almost a month ago. We are currently reviewing your edits to the Protective Order with plans to revert any changes or comments to you as soon as possible.  Further, Rule 34(b)(2)(B) allows a responding party to specify, in their responses to the requests, a reasonable time to provide responsive documents. We fully anticipate complying with our discovery obligations and have indicated in response to both your interrogatories and requests for productions the scope and types of documents we plan to produce. In addition to negotiating the Protective Order, we are currently collecting documents from our client and will produce responsive documents on a rolling basis after our review and consistent with a Protective Order and federal discovery practice.

Second, our understanding of the Judge's statement at the Scheduling Conference was that discovery should continue despite your motion to amend the complaint—not that we must answer requests related to claims that have been dismissed by the Court and are not currently part of the governing Complaint. Much of the point of Rule 12 motions practice is to narrow the issues for discovery, and we strongly disagree that we can be compelled to produce documents relevant only to claims that the court has found not legally viable (or claims not yet addressed by the court because they were raised for the first time in your proposed amended complaint).

Third, we are in receipt of your third set of discovery to Howard and HUSL. It appears you are under the belief that you can make 25 requests per defendant, but that is not the case. We'd like to remind you that Judge McFadden's March 27, 2024 Minute Order limits interrogatories, requests for production, and requests for admissions to 25 requests:  "**Each party may** depose up to 10 witnesses, offer up to 2 experts, **seek up to 25 interrogatories, 25 document requests, and 25 requests for admission**." As the sole plaintiff, you are limited to a total of 25 interrogatories, document requests, and requests for admissions. To date, you have served *at least* 28 interrogatories, 19 document requests, and 14 requests for admissions. With respect to the interrogatories, there are many instances where you have included "discreet subparts," which under the rules should be treated as separate and additional interrogatories. Given your pro se status, we have been lenient and chose to respond despite this. But unless you are

4

granted leave from the Court to propound additional discovery requests, Defendants will not respond to any requests beyond the Court-ordered allotment.

Thank you,


**Crinesha B. Berry** Crowell

& Moring LLP

cberry@crowell.com

+1.202.688.3435 direct  |  +1.757.593.4107 mobile

---

**From:** thayray@gmail.com <thayray@gmail.com>
**Sent:** Saturday, June 8, 2024 4:43 PM
**To:** Berman, Amanda <ABerman@crowell.com>; Berry, Crinesha <CBerry@crowell.com> **Subject:** Comments on DRAFT Protective Order.

| External Email |

[Quoted text hidden]

 **2024-03-27 Minute Entry [dckt ].pdf**
19K

---

**thayray@gmail.com** <thayray@gmail.com>          Tue, Jun 11, 2024 at 12:43 PM
To: "Berry, Crinesha" <CBerry@crowell.com>

Your news about discovery limits came as quite a surprise. But, thank you for your responses. As you see I am asking chambers for clarification on this issue.

I accept your interpretation of Rule 34(b)(2)(B) and recognize that I mistook your previous response. I look forward to your feedback on the protective order at your earliest convenience.

Sincerely,
MRN
[Quoted text hidden]

---

**Berman, Amanda** <ABerman@crowell.com>                    Fri, Jun 21, 2024 at 3:12 PM

To: "thayray@gmail.com" <thayray@gmail.com>
Cc: "Berry, Crinesha" <CBerry@crowell.com>

Mr. Newman –

I realize you are out of town, but I did not want to delay the provision of feedback on your comments on the Protective Order (see below), as well as a revised version trying to address those comments. The highlighting indicates where language has changed pursuant to your request and/or our comment. When you return, let's try to get this finalized and submitted to the Court as soon as possible so we can produce documents pursuant to its protections.


***

**SECTION 1:** I find the following language in Section 1(b) problematic:

"If, for any reason, the Court declines to approve this Discovery Confidentiality Order and sign the order below, the

Parties nonetheless agree to be bound by the terms of this Discovery Confidentiality Order with respect to discovery for the duration of the above-captioned lawsuit."

If the Court declines to approve the Discovery Confidentiality Order, it is not appropriate for the parties to be bound by its terms. Binding the parties to an order that the Court has not approved could lead to enforcement issues and potential inequities, particularly given that the defendants are the ones seeking the confidentiality protections.

To address this concern, I propose revising Section 1(b) as follows:

"This Discovery Confidentiality Order shall apply to the Parties and to any non-party from whom discovery may be sought who requests the protection of this Discovery Confidentiality Order. The Parties agree to be bound by the terms of this Discovery Confidentiality Order pending the entry by the Court of this Discovery Confidentiality Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Discovery Confidentiality Order had been entered by the Court. If, for any reason, the Court declines to approve this Discovery Confidentiality Order and sign the order below, the Parties shall meet and confer to negotiate a mutually agreeable alternative that addresses the Court's concerns." We agree to this revision.

**SECTION 2:** I want to be clear that marking or "designating" any material as confidential must always be subject to objection. Any objections that the parties cannot reach an agreement on must be turned over to the judge for determination.

We agree that any Party may object to any marking or designation of material as confidential as laid out in Section 4 of the Protective Order.

Additionally, while I agree that records containing PII of students as defined by FERPA should be protected, beyond PII, I have difficulty seeing any legitimate interest Defendants can have in concealing "education records." If you can provide specific examples, I am open to discussing them. However, "education records" is a broad term that could arguably apply to practically every document I request.

Where individuals' identities are safely obscured, any data related to academic performance, disciplinary records, medical and counseling records, financial information, and most particularly racial demographics, should not be designated as confidential if PII can be safely removed. Likewise, the terms "sensitive," "financial," and "business" either lend themselves to abuse or do not represent a legitimate interest worthy of concealment. The goal is to protect the privacy of individual students while allowing access to information necessary to the case.

With respect to FERPA, Howard is obligated to protect the privacy of student education records, and is prohibited from disclosing such information to any parties other than the student whose records are at issue. 20 U.S.C. § 1232g *et seq.* The operative regulations define education records as all records maintained by an educational institution (Howard) that directly relate to a particular student. *See* 34 C.F.R. § 99.3. So, in this case, education records is not a broad term, but a term of art, under FERPA, that defines Howard's responsibilities to maintain confidentiality over its students' information. Howard must have the right to designate educational records as confidential when Howard believes it is not possible to remove *all* potentially personally identifiable information.

In addition, the ability to mark certain sensitive business or financial information as confidential is a common feature of protective orders, and there may be confidential business information or information relating to University policies or personnel which should not be made public. Your fear appears to be that the terms in the order may "lend themselves to abuse," but you will be able to challenge any confidentiality designations you disagree with. To be clear, the protective order will not prevent you from obtaining or viewing any documents, but will only restrict the public dissemination of documents marked confidential.

**SECTION 3:** While PII shall be deemed Confidential Material, other information within records, such as academic performance data, disciplinary records, medical and counseling records, and financial information, should only be designated as confidential if PII cannot be safely removed. Furthermore, there should be a mechanism to challenge the confidentiality designation of PII if it is believed to be used to shield wrongful actions improperly. Any such challenges should be promptly reviewed by the court to ensure that confidentiality designations are not misused to prevent accountability.

See above response to Section 2.

**SECTION 4:** I will not ask the Defendants to violate FERPA or violate students' privacy concerning their education records. Where education records are involved, I will not ask Defendants to reveal PII such as names, addresses, social security numbers, and other sensitive data that could be used for malicious purposes if disclosed. I consent to confidentiality to ensure individual students' academic performance and disciplinary records are protected. I will not ask Defendants to compromise their obligation to protect students' privacy.

However, I will not support the designation of information as confidential when the primary motivation is to shield Defendants from public scrutiny, avoid embarrassment, suppress negative publicity, or prevent accountability for wrongful actions. Such self-serving motivations serve no legitimate purpose other than to protect the Defendants' interests at the expense of transparency and justice.

Confidentiality should be reserved for genuinely sensitive information, and any attempts to misuse confidentiality designations to conceal misconduct, negligence, or other wrongful actions will be challenged vigorously.

See above response to Section 2, Defendants affirm your right to challenge any confidentiality designations you believe have been misused.

**SECTION 5:** Revised Section 5(a): Such documents, information, and things shall be used by the receiving Party only for the purpose of this specific action, any related legal proceedings, or subsequent actions involving similar issues, provided that the Party seeking to use the information in a related or subsequent action obtains either (i) the written consent of the Producing Party, or (ii) an order from the Court permitting such use. If a subsequent action is brought in a different court, the receiving Party must seek permission from that court, which should consider the terms of this Discovery Confidentiality Order and any prior determinations made under it.

We largely agree with your revisions for the first sentence with a slight change for clarity. For the second sentence, it is standard that the Judge who enters the Protective Order retains jurisdiction over it (See Section 9(c)),  Judges normally do not permit other trial courts to review their Orders. We have revised the last sentence to be consistent with that practice.

**SECTION 6:** Revised Section 6(a): All Confidential Material subject to the provisions of this Discovery Confidentiality Order shall be used by the person receiving it only in connection with prosecuting or defending this action, any related legal proceedings, or subsequent actions involving similar issues, provided that the Party seeking to use the information in a related or subsequent action obtains either (i) the written consent of the Producing Party, or (ii) an order from the Court permitting such use. If a subsequent action is brought in a different court, the receiving Party must seek permission from that court, which should consider the terms of this Discovery Confidentiality Order and any prior determinations made under it. Confidential Material shall not be used for any business or commercial purpose. This restriction does not prevent the use of Confidential Material by legal counsel in the course of representing clients in related legal matters against the defendants.

We have made edits here consistent with our comments on Section 5, above. In addition, we have deleted the last sentence, it is inconsistent with the other provisions you have proposed here, namely that, before using Confidential Material in a separate legal proceeding, the Party must either receive consent from the Producing Party or permission from the Court.

**SECTION 8:** Revised: Acknowledgment. Any Qualified Person identified in Paragraph 7 to whom the Confidential Material is shown or to whom information contained in such materials is to be revealed (other than Qualified Persons identified in Paragraphs 7(b)(i) and 7(b)(iii), personnel of the Court, any other judge with jurisdiction over this proceeding or any appeal hereof) shall first be required to agree in writing to be bound by the terms of this Discovery Confidentiality Order, in the form attached as Exhibit A hereto, and counsel employing such persons or making such disclosure to such persons shall retain that signed, written agreement. As to each person to whom any information contained in the Confidential Material is revealed or shown pursuant to this Discovery Confidentiality Order, such information may be used only for purposes of this action and any related legal proceedings or subsequent actions involving similar issues, in accordance with Sections 5(a) and 6(a), and may not be used for any unrelated purpose.

We have largely accepted this addition with one slight change from "unrelated" to "other".

**SECTION 9:** Regarding Section 9, I have the same objections to the term "education records" as previously stated. The term is too broad and could be used to improperly designate non-sensitive information as confidential. Only PII should be protected, and other information should not be designated as confidential unless PII cannot be safely removed.

We refer you to our responses on Sections 2 through 4 above. Additionally, we remind you that you have the right to challenge any confidentiality designations that you believe were made "improperly."

Revised Section 9(c): This Discovery Confidentiality Order shall continue to be binding after the conclusion of this proceeding and all subsequent proceedings arising from this proceeding, except that a party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Discovery Confidentiality Order. The Court shall retain jurisdiction, even after termination of this action, (i) to make such arrangements, modifications, and additions to this Discovery Confidentiality Order as it may from time to time deem appropriate upon good cause shown; and (ii) to adjudicate any dispute respecting improper use or disclosure of Confidential Material in this proceeding. The obligations and protections imposed by this Discovery Confidentiality Order shall extend to any related legal proceedings, with jurisdiction over disputes in those proceedings to be determined by the appropriate court.

We do not agree with your addition here for two reasons. First, the use of Confidential Material in other cases is already covered by Sections 5 and 6, so the sentence is superfluous. Second, as explained previously, it is customary that jurisdiction over the Protective Order is retained by the entering judge, in this case Judge McFadden.

**SECTION 11:** I propose adding the following: "If any Confidential Material was disclosed or used before the retroactive designation, such disclosure or use shall not be deemed a violation of this Discovery Confidentiality Order, provided that the receiving party takes reasonable steps to comply with the order moving forward. Retroactive designations must be made within a reasonable timeframe upon discovering the need for such designation."

We largely agree to your addition with one small change noted in tracked changes in the attached.

Also, note a word omitted, should perhaps read "constitutes 'CONFIDENTIAL'

*material*...."

We have made this correction.

**SECTION 14:** Propose adding: "(d) If the Parties are unable to agree on the procedures for using Confidential Material at trial, either Party may seek a ruling from the Court to establish such procedures."
We agree to this addition.

**Amanda Shafer Berman**

Pronouns: she/her/hers

Crowell & Moring LLP

aberman@crowell.com

+1.202.688.3451 direct

---

**From:** thayray@gmail.com <thayray@gmail.com>
**Sent:** Saturday, June 8, 2024 4:43 PM
**To:** Berman, Amanda <ABerman@crowell.com>; Berry, Crinesha <CBerry@crowell.com>
**Subject:** Comments on DRAFT Protective Order.

External Email

Dear Ms. Berman,

[Quoted text hidden]

---

 **DRAFT Protective Order 6 21(76900570.1).docx**
51K

---

**thayray@gmail.com** <thayray@gmail.com>                    Tue, Jul 2, 2024 at 4:23 PM
To: "Berman, Amanda" <ABerman@crowell.com>
Cc: "Berry, Crinesha" <CBerry@crowell.com>

Dear Ms. Berman,

I think we are in agreement now on your latest draft of the protective order. Could you or Ms. Berry please forward the final version to me to review and sign.

Next week will be fine if you are unavailable this week.

Michael Newman
(808) 796-4708

[Quoted text hidden]

---

**Berman, Amanda** <ABerman@crowell.com>                    Tue, Jul 2, 2024 at 5:16 PM
To: "thayray@gmail.com" <thayray@gmail.com>
Cc: "Berry, Crinesha" <CBerry@crowell.com>

Mr. Newman –

I am out of town, but we will send you a final clean v of the PO for you to sign this week. Now that you're back, I also wanted to revisit whether you are going to notice Dean Olivares' depo for one of the dates we proposed before you left town: July 11, 12, or 15. She reached out to ask me because she has pending meeting requests, and so needs to lock this down if it is going to happen in that timeframe. Please let me know as soon as you can.

Thanks,

[Quoted text hidden]

---

**thayray@gmail.com** <thayray@gmail.com>          Wed, Jul 3, 2024 at 9:42 AM
To: "Berman, Amanda" <ABerman@crowell.com>

Thank you for bringing that up. My notary and I could be available on July 11. What time do you normally like to begin?

 Virus-free.www.avast.com

[Quoted text hidden]

---

**thayray@gmail.com** <thayray@gmail.com>          Wed, Jul 3, 2024 at 9:43 AM
To: "Berry, Crinesha" <CBerry@crowell.com>

[Quoted text hidden]

---

**Berman, Amanda** <ABerman@crowell.com>          Wed, Jul 3, 2024 at 9:59 AM
To: "thayray@gmail.com" <thayray@gmail.com>
Cc: "Berry, Crinesha" <CBerry@crowell.com>

Mr. Newman –


I would generally suggest 9:30 or 10, but will check with Dean Olivares. How long to do expect this deposition to take?

[Quoted text hidden]

---

**thayray@gmail.com** <thayray@gmail.com>          Wed, Jul 3, 2024 at 10:05 AM
To: "Berman, Amanda" <ABerman@crowell.com>

It is hard for me to predict, being my first deposition. I suppose 4 hours but have little confidence in my estimate. Ten o'clock may allow us time to miss rush hour traffic and find parking.

 Virus-free.www.avast. co m

[Quoted text hidden]

---

**thayray@gmail.com** <thayray@gmail.com>    Wed, Jul 3, 2024 at 10:12 AM To: "Berman, Amanda" <ABerman@crowell.com>, "Berry, Crinesha"

<CBerry@crowell.com> Would it be an imposition to ask what the cost for parking is in

your building?

 Virus-free.www.avast.com

[Quoted text hidden]

---

**thayray@gmail.com** <thayray@gmail.com>    Wed, Jul 3, 2024 at 10:13 AM
To: "Berry, Crinesha" <CBerry@crowell.com>

---------- Forwarded message --------- From:
<thayray@gmail.com>
[Quoted text hidden]
[Quoted text hidden]

---

**Berman, Amanda** <ABerman@crowell.com>    Wed, Jul 3, 2024 at 10:35 AM
To: "thayray@gmail.com" <thayray@gmail.com>, "Berry, Crinesha" <CBerry@crowell.com>

I believe it is $25 per day. It may be less for only 4-5 hours; I'm not sure when the daily rate kicks in. There are a number of other garages within a few blocks; some of those may be less. We are also close to the Metro Center metro station.

**From:** thayray@gmail.com <thayray@gmail.com>
**Sent:** Wednesday, July 3, 2024 10:12:37 AM
**To:** Berman, Amanda <ABerman@crowell.com>; Berry, Crinesha <CBerry@crowell.com>
[Quoted text hidden]

[Quoted text hidden]

---

**Berman, Amanda** <ABerman@crowell.com>    Wed, Jul 3, 2024 at 2:23 PM
To: "thayray@gmail.com" <thayray@gmail.com>

10 a.m. works for Dean Olivares. And I appreciate the estimate, recognizing that it is necessarily imprecise. Please send the notice as soon as you are able. Best,

**Amanda Shafer Berman**

Pronouns: she/her/hers

Crowell & Moring LLP

aberman@crowell.com

+1.202.688.3451 direct

---

**From:** thayray@gmail.com <thayray@gmail.com>
**Sent:** Wednesday, July 3, 2024 10:05 AM
**To:** Berman, Amanda <ABerman@crowell.com>
**Subject:** Re: Comments on DRAFT Protective Order.

External Email

It is hard for me to predict, being my first deposition. I suppose 4 hours but have little confidence in my estimate. Ten o'clock may allow us time to miss rush hour traffic and find parking.

---

Virus-free.www.avast.com

On Wed, Jul 3, 2024 at 9:59 AM Berman, Amanda <ABerman@crowell.com> wrote:

> Mr. Newman –
>
> I would generally suggest 9:30 or 10, but will check with Dean Olivares. How long to do expect this deposition to take?
>
> **Amanda Shafer Berman**
>
> Pronouns: she/her/hers

Crowell & Moring LLP

aberman@crowell.com

+1.202.688.3451 direct

---

**From:** thayray@gmail.com <thayray@gmail.com>
**Sent:** Wednesday, July 3, 2024 9:43 AM
**To:** Berman, Amanda <ABerman@crowell.com>
**Subject:** Re: Comments on DRAFT Protective Order.

External Email

Thank you for bringing that up. My notary and I could be available on July 11. What time do you normally like to begin?

---

Virus-free.www.avast.com

On Tue, Jul 2, 2024 at 5:16 PM Berman, Amanda <ABerman@crowell.com> wrote:

Mr. Newman –

I am out of town, but we will send you a final clean v of the PO for you to sign this week. Now that you're back, I also wanted to revisit whether you are going to notice Dean Olivares' depo for one of the dates we proposed before you left town: July 11, 12, or 15. She reached out to ask me because she has pending meeting requests and so needs to lock this down if it is going to happen in that timeframe. Please let me know as soon as you can.

Thanks,

**Amanda Shafer Berman**

Pronouns: she/her/hers

Crowell & Moring LLP

aberman@crowell.com

14

+1.202.688.3451 direct

---

**From:** thayray@gmail.com <thayray@gmail.com>
**Sent:** Tuesday, July 2, 2024 4:24 PM
**To:** Berman, Amanda <ABerman@crowell.com>
**Cc:** Berry, Crinesha <CBerry@crowell.com>
**Subject:** Re: Comments on DRAFT Protective Order.

External Email

Dear Ms. Berman,

I think we are in agreement now on your latest draft of the protective order. Could you or Ms. Berry please forward the final version to me to review and sign.

Next week will be fine if you are unavailable this week.

Michael Newman

(808) 796-4708

On Fri, Jun 21, 2024 at 3:16 PM Berman, Amanda <ABerman@crowell.com> wrote:

> Mr. Newman –
>
> I realize you are out of town, but I did not want to delay the provision of feedback on your comments on the Protective Order (see below), as well as a revised version trying to address those comments. The highlighting indicates where language has changed pursuant to your request and/or our comment. When you return, let's try to get this finalized and submitted to the Court as soon as possible so we can produce documents pursuant to its protections.
>
> ***
>
> **SECTION 1:** I find the following language in Section 1(b) problematic:
>
> "If, for any reason, the Court declines to approve this Discovery Confidentiality Order and sign the order below, the Parties nonetheless agree to be bound by the terms of this Discovery Confidentiality Order with respect to discovery for the duration of the above-captioned lawsuit."
>
> If the Court declines to approve the Discovery Confidentiality Order, it is not appropriate for the parties to be bound by its terms. Binding the parties to an order that the Court has not approved could lead to enforcement issues and potential inequities, particularly given that the defendants are the ones seeking the confidentiality protections.

16

To address this concern, I propose revising Section 1(b) as follows    :

"This Discovery Confidentiality Order shall apply to the Parties and to any non-party from whom discovery may be sought who requests the protection of this Discovery Confidentiality Order. The Parties agree to be bound by the terms of this Discovery Confidentiality Order pending the entry by the Court of this Discovery Confidentiality Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Discovery Confidentiality Order had been entered by the Court. If, for any reason, the Court declines to approve this Discovery Confidentiality Order and sign the order below, the Parties shall meet and confer to negotiate a mutually agreeable alternative that addresses the Court's concerns."

We agree to this revision.

**SECTION 2:** I want to be clear that marking or "designating" any material as confidential must always be subject to objection. Any objections that the parties cannot reach an agreement on must be turned over to the judge for determination.

We agree that any Party may object to any marking or designation of material as confidential as laid out in Section 4 of the Protective Order.

Additionally, while I agree that records containing PII of students as defined by FERPA should be protected, beyond PII, I have difficulty seeing any legitimate interest Defendants can have in concealing "education records." If you can provide specific examples, I am open to discussing them. However, "education records" is a broad term that could arguably apply to practically every document I request. Where individuals' identities are safely obscured, any data related to academic performance, disciplinary records, medical and counseling records, financial information, and most particularly racial demographics, should not be designated as confidential if PII can be safely removed. Likewise, the terms "sensitive," "financial," and "business" either lend themselves to abuse or do not represent a legitimate interest worthy of concealment. The goal is to protect the privacy of individual students while allowing access to information necessary to the case.

With respect to FERPA, Howard is obligated to protect the privacy of student education records, and is prohibited from disclosing such information to any parties other than the student whose records are at issue. 20 U.S.C. § 1232g *et seq.* The operative regulations define education records as all records maintained by an educational institution (Howard) that directly relate to a particular student. *See* 34 C.F.R. § 99.3. So, in this case, education records is not a broad term, but a term of art, under FERPA, that defines Howard's responsibilities to maintain confidentiality over its students' information. Howard must have the right to designate educational records as confidential when Howard believes it is not possible to remove *all* potentially personally identifiable information.

In addition, the ability to mark certain sensitive business or financial information as confidential is a common feature of protective orders, and there may be confidential business information or information relating to University policies or personnel which should not be made public. Your fear appears to be that the terms in the order may "lend themselves to abuse," but you will be able to challenge any confidentiality designations you disagree with. To be clear, the protective order will not prevent you from obtaining or viewing any documents, but will only restrict the public dissemination of documents marked confidential.

**SECTION 3:** While PII shall be deemed Confidential Material, other information within records, such as academic performance data, disciplinary records, medical and counseling records, and financial information, should only be designated as confidential if PII cannot be safely removed. Furthermore,

17

there should be a mechanism to challenge the confidentiality designation of PII if it is believed to be used to shield wrongful actions improperly. Any such challenges should be promptly reviewed by the court to ensure that confidentiality designations are not misused to prevent accountability.

See above response to Section 2.

**SECTION 4:** I will not ask the Defendants to violate FERPA or violate students' privacy concerning their education records. Where education records are involved, I will not ask Defendants to reveal PII such as names, addresses, social security numbers, and other sensitive data that could be used for malicious purposes if disclosed. I consent to confidentiality to ensure individual students' academic performance and disciplinary records are protected. I will not ask Defendants to compromise their obligation to protect students' privacy.

However, I will not support the designation of information as confidential when the primary motivation

is to shield Defendants from public scrutiny, avoid embarrassment, suppress negative publicity, or prevent accountability for wrongful actions. Such self-serving motivations serve no legitimate purpose other than to protect the Defendants' interests at the expense of transparency and justice.

Confidentiality should be reserved for genuinely sensitive information, and any attempts to misuse confidentiality designations to conceal misconduct, negligence, or other wrongful actions will be challenged vigorously.

See above response to Section 2, Defendants affirm your right to challenge any confidentiality designations you believe have been misused.

**SECTION 5:** Revised Section 5(a): Such documents, information, and things shall be used by the receiving Party only for the purpose of this specific action, any related legal proceedings, or subsequent actions involving similar issues, provided that the Party seeking to use the information in a related or subsequent action obtains either (i) the written consent of the Producing Party, or (ii) an order from the Court permitting such use. If a subsequent action is brought in a different court, the receiving Party must seek permission from that court, which should consider the terms of this Discovery Confidentiality Order and any prior determinations made under it.

We largely agree with your revisions for the first sentence with a slight change for clarity. For the second sentence, it is standard that the Judge who enters the Protective Order retains jurisdiction over it (See Section 9(c)),  Judges normally do not permit other trial courts to review their Orders. We have revised the last sentence to be consistent with that practice.

**SECTION 6:** Revised Section 6(a): All Confidential Material subject to the provisions of this Discovery Confidentiality Order shall be used by the person receiving it only in connection with prosecuting or defending this action, any related legal proceedings, or subsequent actions involving similar issues, provided that the Party seeking to use the information in a related or subsequent action obtains either (i) the written consent of the Producing Party, or (ii) an order from the Court permitting such use. If a subsequent action is brought in a different court, the receiving Party must seek permission from that court, which should consider the terms of this Discovery Confidentiality Order and any prior determinations made under it. Confidential Material shall not be used for any business or commercial purpose. This restriction does not prevent the use of Confidential Material by legal counsel in the course of representing clients in related legal matters against the defendants.

We have made edits here consistent with our comments on Section 5, above. In addition, we have deleted the last sentence, it is inconsistent with the other provisions you have proposed here, namely that, before using Confidential Material in a separate legal proceeding, the Party must either receive consent from the Producing Party or permission from the Court.

**SECTION 8:** Revised: Acknowledgment. Any Qualified Person identified in Paragraph 7 to whom the Confidential Material is shown or to whom information contained in such materials is to be revealed (other than Qualified Persons identified in Paragraphs 7(b)(i) and 7(b)(iii), personnel of the Court, any other judge with jurisdiction over this proceeding or any appeal hereof) shall first be required to agree in writing to be bound by the terms of this Discovery Confidentiality Order, in the form attached as Exhibit A hereto, and counsel employing such persons or making such disclosure to such persons shall retain that signed, written agreement. As to each person to whom any information contained in the Confidential Material is revealed or shown pursuant to this Discovery Confidentiality Order, such information may be used only for purposes of this action and any related legal proceedings or

subsequent actions involving similar issues, in accordance with Sections 5(a) and 6(a), and may not be used for any unrelated purpose.

We have largely accepted this addition with one slight change from "unrelated" to "other".

**SECTION 9:** Regarding Section 9, I have the same objections to the term "education records" as previously stated. The term is too broad and could be used to improperly designate non-sensitive information as confidential. Only PII should be protected, and other information should not be designated as confidential unless PII cannot be safely removed.

We refer you to our responses on Sections 2 through 4 above. Additionally, we remind you that you have the right to challenge any confidentiality designations that you believe were made "improperly."

Revised Section 9(c): This Discovery Confidentiality Order shall continue to be binding after the conclusion of this proceeding and all subsequent proceedings arising from this proceeding, except that a party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Discovery Confidentiality Order. The Court shall retain jurisdiction, even after termination of this action, (i) to make such arrangements, modifications, and additions to this Discovery Confidentiality Order as it may from time to time deem appropriate upon good cause shown; and (ii) to adjudicate any dispute respecting improper

use or disclosure of Confidential Material in this proceeding. The obligations and protections imposed by this Discovery Confidentiality Order shall extend to any related legal proceedings, with jurisdiction over disputes in those proceedings to be determined by the appropriate court.

We do not agree with your addition here for two reasons. First, the use of Confidential Material in other cases is already covered by Sections 5 and 6, so the sentence is superfluous. Second, as explained previously, it is customary that jurisdiction over the Protective Order is retained by the entering judge, in this case Judge McFadden.

**SECTION 11:** I propose adding the following: "If any Confidential Material was disclosed or used before the retroactive designation, such disclosure or use shall not be deemed a violation of this Discovery Confidentiality Order, provided that the receiving party takes reasonable steps to comply with the order moving forward. Retroactive designations must be made within a reasonable timeframe upon discovering the need for such designation."

We largely agree to your addition with one small change noted in tracked changes in the attached.

Also, note a word omitted, should perhaps read "constitutes 'CONFIDENTIAL' *material*...."

We have made this correction.

**SECTION 14:** Propose adding: "(d) If the Parties are unable to agree on the procedures for using Confidential Material at trial, either Party may seek a ruling from the Court to establish such procedures."

We agree to this addition.

**Amanda Shafer Berman**

Pronouns: she/her/hers

Crowell & Moring LLP

aberman@crowell.com

+1.202.688.3451 direct

---

**From:** thayray@gmail.com <thayray@gmail.com>
**Sent:** Saturday, June 8, 2024 4:43 PM
**To:** Berman, Amanda <ABerman@crowell.com>; Berry, Crinesha <CBerry@crowell.com>
**Subject:** Comments on DRAFT Protective Order.

External Email

Dear Ms. Berman,

I have taken time to review your draft protective order in detail. While much of it may be standard and unproblematic, I do note some concerns and have made recommendations accordingly. Most of my concerns

rev olve around what I discuss under Section 4, below, and have noted to you in a prior email. That is,

requests to keep information concealed should arise from the need to protect individual privacy, not to hide institutional wrongdoing.

Please share your feedback on the comments below. In the meantime, any requested documents not properly considered confidential even by your own proposed protective order should be considered past due.

**SECTION 1:** I find the following language in Section 1(b) problematic:

"If, for any reason, the Court declines to approve this Discovery Confidentiality Order and sign the order below, the Parties nonetheless agree to be bound by the terms of this Discovery Confidentiality Order with respect to discovery for the duration of the above-captioned lawsuit."

If the Court declines to approve the Discovery Confidentiality Order, it is not appropriate for the parties to be bound by its terms. Binding the parties to an order that the Court has not approved could lead to enforcement issues and potential inequities, particularly given that the defendants are the ones seeking the confidentiality protections.

To address this concern, I propose revising Section 1(b) as follows:

"This Discovery Confidentiality Order shall apply to the Parties and to any non-party from whom discovery may be sought who requests the protection of this Discovery Confidentiality Order. The Parties agree to be bound by the terms of this Discovery Confidentiality Order pending the entry by the Court of this Discovery Confidentiality Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Discovery Confidentiality Order had been entered by the Court. If, for any reason, the Court declines to approve this Discovery Confidentiality Order and sign the order below, the Parties shall meet and confer to negotiate a mutually agreeable alternative that addresses the Court's concerns."

**SECTION 2:** I want to be clear that marking or "designating" any material as confidential must always be subject to objection. Any objections that the parties cannot reach an agreement on must be turned over to the judge for determination.

Additionally, while I agree that records containing PII of students as defined by FERPA should be protected, beyond PII, I have difficulty seeing any legitimate interest Defendants can have in concealing "education records." If you can provide specific examples, I am open to discussing them. However, "education records" is a broad term that could arguably apply to practically every document I request. Where individuals' identities are safely obscured, any data related to academic performance, disciplinary records, medical and counseling records, financial information, and most particularly racial demographics, should not be designated as confidential if PII can be safely removed. Likewise, the terms "sensitive," "financial," and "business" either lend themselves to abuse or do not represent a legitimate interest worthy of concealment. The goal is to protect the privacy of individual students while allowing access to information necessary to the case.

**SECTION 3:** While PII shall be deemed Confidential Material, other information within records, such as academic performance data, disciplinary records, medical and counseling records, and financial information, should only be designated as confidential if PII cannot be safely removed. Furthermore, there should be a mechanism to challenge the confidentiality designation of PII if it is believed to be

used to shield wrongful actions improperly. Any such challenges should be promptly reviewed by the court to ensure that confidentiality designations are not misused to prevent accountability.

**SECTION 4:** I will not ask the Defendants to violate FERPA or violate students' privacy concerning their education records. Where education records are involved, I will not ask Defendants to reveal PII such as names, addresses, social security numbers, and other sensitive data that could be used for malicious purposes if disclosed. I consent to confidentiality to ensure individual students' academic performance and disciplinary records are protected. I will not ask Defendants to compromise their obligation to protect students' privacy.

However, I will not support the designation of information as confidential when the primary motivation is to shield Defendants from public scrutiny, avoid embarrassment, suppress negative publicity, or prevent accountability for wrongful actions. Such self-serving motivations serve no legitimate purpose other than to protect the Defendants' interests at the expense of transparency and justice.

Confidentiality should be reserved for genuinely sensitive information, and any attempts to misuse

confidentiality designations to conceal misconduct, negligence, or other wrongful actions will be challenged vigorously.

**SECTION 5:** Revised Section 5(a): Such documents, information, and things shall be used by the receiving Party only for the purpose of this specific action, any related legal proceedings, or subsequent actions involving similar issues, provided that the Party seeking to use the information in a related or subsequent action obtains either (i) the written consent of the Producing Party, or (ii) an order from the Court permitting such use. If a subsequent action is brought in a different court, the receiving Party must seek permission from that court, which should consider the terms of this Discovery Confidentiality Order and any prior determinations made under it.

**SECTION 6:** Revised Section 6(a): All Confidential Material subject to the provisions of this Discovery Confidentiality Order shall be used by the person receiving it only in connection with prosecuting or defending this action, any related legal proceedings, or subsequent actions involving similar issues, provided that the Party seeking to use the information in a related or subsequent action obtains either (i) the written consent of the Producing Party, or (ii) an order from the Court permitting such use. If a subsequent action is brought in a different court, the receiving Party must seek permission from that court, which should consider the terms of this Discovery Confidentiality Order and any prior determinations made under it. Confidential Material shall not be used for any business or commercial purpose. This restriction does not prevent the use of Confidential Material by legal counsel in the course of representing clients in related legal matters against the defendants.

**SECTION 8:** Revised: Acknowledgment. Any Qualified Person identified in Paragraph 7 to whom the Confidential Material is shown or to whom information contained in such materials is to be revealed (other than Qualified Persons identified in Paragraphs 7(b)(i) and 7(b)(iii), personnel of the Court, any other judge with jurisdiction over this proceeding or any appeal hereof) shall first be required to agree in writing to be bound by the terms of this Discovery Confidentiality Order, in the form attached as Exhibit A hereto, and counsel employing such persons or making such disclosure to such persons shall retain that signed, written agreement. As to each person to whom any information contained in the Confidential Material is revealed or shown pursuant to this Discovery Confidentiality Order, such information may be used only for purposes of this action and any related legal proceedings or subsequent actions involving similar issues, in accordance with Sections 5(a) and 6(a), and may not be used for any unrelated purpose.

**SECTION 9:** Regarding Section 9, I have the same objections to the term "education records" as previously stated. The term is too broad and could be used to improperly designate non-sensitive information as confidential. Only PII should be protected, and other information should not be designated as confidential unless PII cannot be safely removed.

Revised Section 9(c): This Discovery Confidentiality Order shall continue to be binding after the conclusion of this proceeding and all subsequent proceedings arising from this proceeding, except that a party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Discovery Confidentiality Order. The Court shall retain jurisdiction, even after termination of this action, (i) to make such arrangements, modifications, and additions to this Discovery Confidentiality Order as it may from time to time deem appropriate upon good cause shown; and (ii) to adjudicate any dispute respecting improper use or disclosure of Confidential Material in this proceeding. The obligations and protections imposed by this Discovery Confidentiality Order shall extend to any

related legal proceedings, with jurisdiction over disputes in those proceedings to be determined by the appropriate court.

**SECTION 11:** I propose adding the following: "If any Confidential Material was disclosed or used before the retroactive designation, such disclosure or use shall not be deemed a violation of this Discovery Confidentiality Order, provided that the receiving party takes reasonable steps to comply with the order moving forward. Retroactive designations must be made within a reasonable timeframe upon discovering the need for such designation."

Also, note a word omitted, should perhaps read "constitutes 'CONFIDENTIAL' *material*...."

**SECTION 14:** Propose adding: "(d) If the Parties are unable to agree on the procedures for using Confidential Material at trial, either Party may seek a ruling from the Court to establish such procedures."

Thank you for considering the above alterations to your draft protective order.

Michael R. Newman
(808) 796-4708

|   |   |   |

---

**Berry, Crinesha** <CBerry@crowell.com>                                    Sat, Jul 6, 2024 at 9:05 AM
To: "thayray@gmail.com" <thayray@gmail.com>
Cc: "Berman, Amanda" <ABerman@crowell.com>

Thank you, Mr. Newman. Attached is the agreed Protective Order.  Please sign and file at your convenience.


Best,

Crinesha


**Crinesha B. Berry** Crowell

& Moring LLP

cberry@crowell.com

+1.202.688.3435 direct  |  +1.757.593.4107 mobile

**From:** thayray@gmail.com <thayray@gmail.com>
**Sent:** Tuesday, July 2, 2024 4:24 PM

**To:** Berman, Amanda <ABerman@crowell.com>

[Quoted text hidden]

[Quoted text hidden]

 **Stipulated Protective Order 2024.07.06.pdf**
271K

---

**thayray@gmail.com** <thayray@gmail.com>            Mon, Jul 8, 2024 at 1:06 PM
To: "Berry, Crinesha" <CBerry@crowell.com>
Cc: "Berman, Amanda" <ABerman@crowell.com>

Should we also file an MS Word version of this document for the judge to edit?

 Virus-free.www.avast.com

[Quoted text hidden]

---

 Virus-free.www.avast.com

[Quoted text hidden]

 **Stipulated Protective Order 2024.07.06-1.pdf**
281K

---

**Berry, Crinesha** <CBerry@crowell.com>                  Mon, Jul 8, 2024 at 1:24 PM
To: "thayray@gmail.com" <thayray@gmail.com>
Cc: "Berman, Amanda"
**thayray@gmail.com** <thayray@gmail.com>       Mon, Jul 8, 2024 at 1:11 PM
To: "Berry, Crinesha" <CBerry@crowell.com>

Also, seeing that you could file through the electronic filing system, perhaps it would be less of a burden for you to file. I'm attaching my signed copy in case you will do so.


<ABerman@crowell.com> Thank you, Mr.


Newman.

That is no problem. We will get this on file today.

[Quoted text hidden]

---

**Berman, Amanda** <ABerman@crowell.com>        Mon, Jul 8, 2024 at 1:28 PM To: "thayray@gmail.com"
<thayray@gmail.com>, "Berry, Crinesha" <CBerry@crowell.com>

No word document is required or appropriate. If the Court has an issue with the PO, it will let us know, or
perhaps even strike something out, but I have never seen a judge affirmatively edit the document itself.
We will file the pdf electronically.

**Amanda Shafer Berman**

Pronouns: she/her/hers

Crowell & Moring LLP

aberman@crowell.com

+1.202.688.3451 direct

**From:** thayray@gmail.com <thayray@gmail.com>
**Sent:** Monday, July 8, 2024 1:07 PM
**To:** Berry, Crinesha <CBerry@crowell.com>

[Quoted text hidden]

[Quoted text hidden]

---

**Berry, Crinesha** <CBerry@crowell.com>                           Mon, Jul 8, 2024 at 3:09 PM
To: "thayray@gmail.com" <thayray@gmail.com>
Cc: "Berman, Amanda" <ABerman@crowell.com>

Mr. Newman,

A copy of the proposed stipulated protective order that was filed today is attached.

Best,

Crinesha

**Crinesha B. Berry** Crowell

& Moring LLP

cberry@crowell.com

+1.202.688.3435 direct  |  +1.757.593.4107 mobile

---

**From:** Berry, Crinesha
**Sent:** Monday, July 8, 2024 1:24 PM
**To:** thayray@gmail.com **Cc:** Berman, Amanda <ABerman@crowell.com>

[Quoted text hidden]

[Quoted text hidden]

 **ECF 55 Proposed Stipulated Protective Order.pdf**
292K

---

**thayray@gmail.com** <thayray@gmail.com>             Mon, Jul 8, 2024 at 3:13 PM
To: "Berry, Crinesha" <CBerry@crowell.com>

Thank you. -- MRN

 Virus-free.www.avast.com

[Quoted text hidden]