UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL R. PLAINTIFF, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 1:23-cv-00436-TNM |
| HOWARD UNIVERSITY SCHOOL OF LAW, *et al.*, | ) |
| Defendants. | ) |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S
MOTION FOR CLARIFICATION OR MODIFICATION
OF THE PROTECTIVE ORDER AND JOINT STATEMENT**

Upon consideration of Plaintiff's Motion for Clarification or, in the Alternative, Modification of the Protective Order and Joint Statement, any opposition thereto, and the entire record herein, it is hereby:

**ORDERED** that Plaintiff's Motion is **GRANTED**; and it is further

**ORDERED** that the Court clarifies that:

1. The Protective Order ("PO") applies only to "Discovery Material" produced or otherwise disclosed through the discovery process in this case, and does not extend to materials created or obtained by Plaintiff outside of discovery, whether before or after the initiation of this litigation.

1

2. Deposition video or audio excerpts not containing material designated "Confidential" under the PO are outside the scope of the PO and may be filed, published, shared, or otherwise disseminated without restriction, subject only to reasonable advance notice to Defendants for resolution of specific confidentiality objections.

3. The PO governs dissemination, not access. Defendants may not redact relevant, non-privileged material from documents produced to Plaintiff under the guise of confidentiality. Any privacy concerns shall be addressed through anonymization or appropriate designation, not by denying Plaintiff access.

4. Redactions and "Confidential" designations must be supported by a particularized showing of a legitimate privacy interest or privilege, and FERPA does not justify withholding or redacting anonymized, already-public, or non-identifiable information.

5. The Joint Statement's reference to "privilege protocols" does not preclude challenges to assertions of privilege over communications with the Office of General Counsel where that office acted in an administrative capacity.

**ORDERED** that the following designations are hereby **stricken** as inconsistent with the PO and Rule 26(c):

- The admissions data spreadsheets identified in Plaintiff's motion;
- The January 2021 "Demand Letter" in its entirety, including removal of redactions of student names voluntarily publicized to a mass audience within Howard Law;
- The EEO Report (HOW_00004416 et seq.); and
- The documents listed by Bates number in Plaintiff's motion (HOW_00000066, HOW_00000086, HOW_00000092, HOW_00000094, HOW_00000097, HOW_00000125, HOW_00000190, HOW_00000199, HOW_00000533, HOW_00000595, HOW_00000651, HOW_00000653, HOW_00000655, HOW_00000664, HOW_00000667, HOW_00000672, HOW_00000676, HOW_00000797, HOW_00001020, HOW_00001028, HOW_00001074, HOW_00001123, HOW_00001146, HOW_00001150, HOW_00001151, HOW_00001155, HOW_00001225, HOW_00001891, HOW_00001893,

HOW_00001896, HOW_00001901, HOW_00001966, HOW_00002060, HOW_00002389, HOW_00003039, HOW_00003061, HOW_00003065, HOW_00003115, HOW_00003121, HOW_00003174, HOW_00003200, HOW_00003201, HOW_00003203, HOW_00003206, HOW_00003251, HOW_00003355, HOW_00003411, and HOW_00003413).

Upon removal of these designations, such materials shall be free for Plaintiff's unrestricted use, including public filing, publication, and dissemination.

**ORDERED** that in the alternative, and to the extent the current PO could be construed to allow broader restrictions than set forth above, the PO is **modified** to incorporate the clarifications contained in this Order.

**ORDERED** that any future "Confidential" designation or redaction must be supported by a particularized basis identifying the specific interest or privilege claimed, and why no less-restrictive alternative will suffice.

**ORDERED** that nothing in the PO shall be construed to limit any other court's authority to determine whether and how to apply the PO in separate proceedings.

**SO ORDERED.**
DATED:

_____
TREVOR N. McFADDEN, U.S.D.J.