**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**MICHAEL NEWMAN**,

      Plaintiff,

      v.

**HOWARD UNIVERSITY SCHOOL OF LAW**, *et al.*,

      Defendants.

Case No. 1:23-cv-00436 (TNM)

---

## ORDER

A few weeks ago, the Court granted Howard's Motion for Summary Judgment in part. Mem. Order ("*Newman IV*"), ECF No. 163.  The Court ruled in Howard's favor on all but two defamation claims.  *See id.* at 31–32.  It also reasoned that Newman's § 1981 claim based on contract interference that deprived him of a J.D. would continue to trial because Howard ignored it.  *Id.* at 19 n.6.  Reacting to this latter holding, Howard now asks the Court to reconsider its decision.  Mot. for Recons., ECF No. 164-2.  Newman opposes.  Opp'n to Mot. for Recons. ("Opp'n"), ECF No. 165.  The Court denies reconsideration.

To start, the motion is too long.  The Court's Standing Order explains that "[m]otions for reconsideration of prior rulings . . . **shall not exceed ten pages in length**."  Standing Order ¶ 14, ECF No. 5.  Howard's sixteen-page submission (including twelve pages of argument) exceeds that limit.  *See* Mot. for Recons. at 4–15.  This deficiency independently justifies denial.  *See* Standing Order ¶ 14 (warning that motions "not in compliance" with the Standing Order "may be stricken"); *cf. Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (recognizing "that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases").

More, the motion violates the Standing Order again by offering only "arguments which should have been previously raised." Standing Order ¶ 14. Howard now maintains that Newman's § 1981 claim based on his expulsion fails because it is not tethered to his scholarship agreement, the only viable contract between Newman and Howard. Mot. for Recons. at 11–13; *see Newman v. Howard Univ. Sch. of L.* ("*Newman I*"), 715 F. Supp. 3d 86, 103–05 (D.D.C. 2024) (explaining that the scholarship agreement was the only viable contract). This argument has long been available to Howard and yet it waited until now to press it. After the Court addressed the contracts at issue in *Newman I*, Howard did not object to Newman's arguments in his first and second amended complaints that his expulsion violated § 1981. *See Newman v. Howard Univ. Sch. of L.* ("*Newman II*"), No. 1:23-CV-0436 (TNM), 2024 WL 4227723, at *9 (D.D.C. Sept. 18, 2024); *Newman v. Howard Univ. Sch. of L.* ("*Newman III*"), No. 1:23-CV-00436 (TNM), 2025 WL 1411093, at *9 n.5 (D.D.C. May 15, 2025). Nor did they address the issue at summary judgment. *See Newman IV* at 19 n.6.

Howard's only justification for its oversight does not cut it. Howard maintains that it "did not ignore Newman's additions to the §1981 portion of the First Amended Complaint ("FAC"), but rather correctly understood them as new *allegations* added to support the existing scholarship agreement-based § 1981 claim . . . ." Mot. for Recons. at 6–7. But Newman's § 1981 claim includes a separate subheading for the J.D.-deprivation allegations under the § 1981 header in his First Amended Complaint. *See* First Am. Compl. ¶¶ 240–45, ECF No. 50-1.[1] So Newman alleged that Howard violated § 1981 by both expelling him and by terminating

---

[1] The same is true of Newman's proposed Second Amended Complaint. *See* ECF No. 81-1. The Court denied Newman leave to file that document in full. *See Newman III*, 2025 WL 1411093, at *12. But it permitted Newman to add to his complaint all but one paragraph appearing under the § 1981 subheading "Expulsion and Deprivation of a JD degree." *Id.* at *9 n.5 (citing Proposed Second Am. Compl. ¶¶ 277–80, 282–84, ECF No. 81-1).

his scholarship.  *See* Opp'n at 3–6.  Howard's summary judgment briefing, however, focused only on the scholarship loss.  *See* Mot. for Summ. J. at 30–38, ECF No. 116-1.  Whether Newman lost his scholarship for racially discriminatory reasons does not settle whether his expulsion violated § 1981.  So Howard did not carry its burden on the expulsion claim.  *See* Fed. R. Civ. P. 56(a).

To be sure, Newman's pleadings are at times difficult to decipher.  But that does not excuse Howard's attempt to ignore confusing components in the hope the Court will follow suit.  "In our adversarial system of adjudication . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."  *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020).  The parties, not the Court, are "responsible for advancing the facts and argument entitling them to relief."  *Id*. at 376.  So Howard's motion—including its alternate request for another round of summary judgment briefing—must be denied in full.  Newman's § 1981 claim may be doomed to fail at trial, including for some of the reasons raised by Howard now, but the Court will not give the coup de grace now.

*     *     *

Accordingly, the Court **ORDERS** that the Motion for Reconsideration is **DENIED**.  Newman's § 1981 claim based on his expulsion remains live.

**SO ORDERED**.

Dated: April 20, 2026                                      TREVOR N. McFADDEN, U.S.D.J.